

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2000

# Bacher v. Allstate Ins. Co.

Precedential or Non-Precedential:

Docket 99-1572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Bacher v. Allstate Ins. Co." (2000). *2000 Decisions.* Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 20, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-1572

MAUREEN BACHER;
RICHARD BACHER

v.

ALLSTATE INSURANCE COMPANY,

      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 97-03661)
District Judge: Honorable Robert S. Gawthrop

Argued March 20, 2000

BEFORE: MANSMANN, GREENBERG, and ALARCON,*
Circuit Judges

(Filed: April 20, 2000)

      Joseph F. Roda (argued)
      Eric L. Keepers
      Roda & Nast
      801 Estelle Drive
      Lancaster, PA 17601

      Attorneys for Appellees

_____

* Honorable Arthur L. Alarcon, Senior Judge of the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

          Marshall J. Walthew (argued)
          Michael Doluisio
          Dechert, Price & Rhoads
          1717 Arch Street
          4000 Bell Atlantic Tower
          Philadelphia, PA 19103

           Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter is before this court on appeal from an order of June 9, 1999, in which the appellant, Allstate Insurance Company, asserts that we have jurisdiction under 28 U.S.C. S 1291 pursuant to the collateral order doctrine. Appellee, plaintiff Maureen Bacher, was involved in a two-car accident on August 5, 1994. Allstate, which insured both vehicles, paid Bacher the $15,000 policy limit as a tort claimant under the policy covering the other car. In addition, Bacher submitted a claim for underinsured motorists benefits ("UIM") under her policy. A little over one year later, after having made two offers to settle for less than the policy limit, Allstate paid the full $30,000 allowed by the policy for UIM benefits, thus pretermitting an arbitration proceeding of her claim. Bacher and her husband Richard subsequently instituted this action in the district court seeking compensatory and punitive damages alleging that Allstate processed her UIM claim in bad faith contrary to Pennsylvania statutory law. See 42 Pa. Cons. Stat. Ann. S 8371 (West 1998).

On July 6, 1998, a magistrate judge ordered Allstate to comply with certain of the Bachers' discovery requests, including a request for information regarding all prior actions filed against Allstate in any jurisdiction since January 1, 1994, alleging bad faith with respect to uninsured or underinsured motorist claims. The order instructed Allstate to disclose the amount paid to satisfy any judgment or settlement in each prior action. Following Allstate's motion for reconsideration, the magistrate judge

2

issued an order on February 9, 1999, limiting the discovery to prior bad faith actions brought in Pennsylvania. The district court affirmed the magistrate judge's order on March 25, 1999. Allstate then moved for reconsideration and on June 9, 1999, the district court issued an order denying reconsideration but prohibiting Bacher or her counsel from disclosing or using the settlement information outside the boundaries of this litigation.

Allstate eventually complied with these orders to the extent of identifying the prior bad faith actions except that Allstate refused to disclose the amount which it paid to settle any such action. Allstate filed a notice of appeal on July 8, 1999, from the district court's order denying its motion for reconsideration. The underlying action still is pending in the district court leading the Bachers to urge that we dismiss the appeal.

On this appeal, Allstate contends that it should not have to disclose the amount it paid to settle other cases. In this regard it points out that at least some of the settlements were confidential so that their disclosure would violate confidentiality agreements. Moreover, it contends that disclosure of settlements is not reasonably calculated to lead to the discovery of admissible evidence and is against public policy.

Allstate, however, faces a jurisdictional hurdle for "[a]s a general rule, discovery orders are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. S 1291." In re Ford Motor Co., 110 F.3d 954, 958 (3d Cir. 1997), citing Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). It contends, however, that we have jurisdiction pursuant to the collateral order doctrine first recognized in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221 (1949). See Smith v. Bic Corp., 869 F.2d 194, 198 (3d Cir. 1989) ("We have never held as a blanket rule that discovery orders are not appealable. Rather, we address each issue using two vehicles: the collateral order doctrine . . . and the petition for writ of mandamus."). We recently described the collateral order doctrine as follows:

> [T]he collateral order doctrine, first enunciated by the
> Supreme Court in Cohen v. Beneficial Indus. Loan

3

Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), provides a narrow exception to the general rule permitting appellate review only of final orders. An appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment.

Ford, 110 F.3d at 958.

We have held that the requirements of the collateral order doctrine are satisfied when a party appeals a discovery order involving information which the party claims to be privileged or to constitute a trade secret. See Montgomery County v. Microvote Corp., 175 F.3d 296, 300 (3d Cir. 1999) (attorney-client and work product privileges); Ford, 110 F.3d at 957-64 (same); Smith, 869 F.2d at 198-99 (trade secrets). Our most extensive discussion of the jurisdictional issue was in Ford, where we addressed each of the prerequisites for application of the collateral order doctrine. We concluded that the doctrine was satisfied in that case because (1) the order requiring production of allegedly privileged documents left no room for further consideration by the district court; (2) we could resolve the privilege issue on appeal without delving into the issues in the underlying litigation; (3) the interests protected by the attorney-client and work product privileges are important as compared to the interests favoring the final judgment rule; and (4) there could not be effective review on appeal after final judgment because the privileged information already would have been disclosed. See Ford, 110 F.3d at 958-64. With regard to the last of these prerequisites, we commented as follows:

Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials. At best, on appeal after final judgment, an appellate court could send the case back for re-trial without use of the protected materials. At that point, however, the cat is already out of the bag.

. . .

4

> Attorneys cannot unlearn what has been disclosed to them in discovery; they are likely to use such material for evidentiary leads, strategy decisions, or the like. More colorfully, there is no way to unscramble the egg scrambled by the disclosure; the baby has been thrown out with the bath water.

Id. at 963 (citation and internal quotation marks omitted).

Other courts of appeals have rejected our approach, however, and have declined to exercise jurisdiction under the collateral order doctrine over appeals from discovery orders, even when privilege issues are involved. See, e.g., FDIC v. Ogden Corp., 202 F.3d 454, 458 & n.2 (1st Cir. 2000) ("[D]iscovery orders generally are not thought to come within [the collateral order doctrine]"; the "perfect example" of a discovery order that is not appealable under the doctrine is one involving a party's claim of attorney-client privilege.); Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1125 (7th Cir. 1997) ("[A] discovery order is not deemed collateral even if it is an order denying a claim of privilege. We so held emphatically in [two prior cases], and this is the view of the other circuits as well, with the partial exception of the Third Circuit [citing Ford ].") (citations omitted); Simmons v. City of Racine, 37 F.3d 325, 327 (7th Cir. 1994) ("Discovery orders are generally not appealable . . . as collateral orders. This is true even of discovery orders issued over an objection that the information at issue is privileged. Defendants have suggested no reason that the privilege they assert, the so-called `informer's privilege' . . . should stand on a different footing from the attorney-client privilege or the executive privilege, neither of which confers upon its holder the right to take an immediate appeal under section 1291 from an adverse discovery order.") (citations omitted); Boughton v. Cotter Corp., 10 F.3d 746, 749-50 (10th Cir. 1993) (stating that "virtually every case in other circuits" has held that orders compelling disclosure of information claimed to be subject to the attorney-client privilege are not reviewable as collateral orders) (citing cases).

The Court of Appeals for the Fourth Circuit explained the reasons for prohibiting immediate review of discovery orders:

5

> [T]he considerations underlying the rule against review of interlocutory orders apply with particular force in the discovery context because that process has a special potential for spawning rulings that aggrieved parties would seek to appeal. The process of turning over private–and often damaging–information to an adversary inevitably creates friction. The sheer number of discovery rulings and the myriad procedural requirements governing them, provide fertile soil for the growth of appealable orders. Allowing immediate appeal of the orders resolving discovery disputes would only disrupt and delay district court proceedings and clog the courts of appeals with matters more properly managed by trial courts familiar with the parties and their controversy.
>
> . . .
>
> The dangers of a trade secrets exception to the nonappealability of discovery orders should be apparent. A judicially created exception to nonappealability for categories of sensitive information is the quintessential slippery slope. Many parties faced with discovery requests are apt to regard the information sought as sensitive or confidential and seek, at a minimum, to delay its disclosure through an interlocutory trip to an appellate court.

MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 119-20 & n.2 (4th Cir. 1994) (citation omitted) (emphasis added) (declining to follow our holding in Smith).

The question before us, then, is whether we should extend our holdings in Smith, Ford, and Montgomery County to Allstate's appeal, in light of the narrower approach to the collateral order doctrine taken by other courts of appeals. Allstate is not claiming protection of trade secrets, nor is it claiming a traditionally recognized "privilege" such as the attorney-client privilege. Allstate does claim, however, that the district court's discovery order will force it to turn over highly sensitive information which, notwithstanding the district court's confidentiality order, someday may be used against it by the Bachers' attorneys to bring about a larger settlement in this action or in future bad faith actions.

6

There is some force to Allstate's jurisdictional argument for, as our opinion in Ford indicates, "the cat [will] already [be] out of the bag" regardless of whatever relief we could provide on an appeal after final judgment. See Ford, 110 F.3d at 963. Nevertheless, we must be careful not to open the door to a flood of collateral order appeals from discovery orders requiring disclosure of unprivileged information which might be characterized as "sensitive." Thus, while there may be very good reasons to overturn the district court's order, if we take jurisdiction here we may have difficulty drawing the jurisdictional line in future cases.

We conclude that we should draw the line in this case and thus should dismiss this appeal for lack of jurisdiction. In this regard, we are influenced by the Supreme Court opinions in Cunningham v. Hamilton County, 119 S.Ct. 1915 (1999), and Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 114 S.Ct. 1992 (1994). In Cunningham, the Court held that an order imposing sanctions on a party's attorney for discovery abuses was not immediately appealable under the collateral order doctrine. Cunningham, 119 S.Ct. at 1919–23. In so ruling, the Court indicated that the separability requirement of the collateral order doctrine was not met:

> We do not think . . . that appellate review of a sanctions order can remain completely separate from the merits
>
> . . .
>
> [A] Rule 37(a) sanctions order often will be inextricably intertwined with the merits of the action. An evaluation of the appropriateness of sanctions may require the reviewing court to inquire into the importance of the information sought or the adequacy or truthfulness of a response. Some of the sanctions in this case were based on the fact that petitioner [the sanctioned attorney] provided partial responses and objections to some of the defendants' discovery requests. To evaluate whether those sanctions were appropriate, an appellate court would have to assess the completeness of petitioner's responses. Such an inquiry would differ only marginally from an inquiry into the merits and

7

counsels against application of the collateral order doctrine. Perhaps not every discovery sanction will be inextricably intertwined with the merits, but we have consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral.

Id. at 1920-21 (citations omitted). Similarly, on this appeal review of the district court's order necessarily will entail some determination as to whether the settlement information sought by the Bachers is relevant to the merits of the bad faith claim and/or their claim for punitive damages. Accordingly, it is questionable as to whether the separability requirement is satisfied.

Further, the Court's statement in Cunningham that we should not apply the collateral order doctrine on a"case-by-case" basis indicates that we should not attempt to carve out case-by-case exceptions to the general rule that discovery orders are not immediately appealable. We believe that the Supreme Court would not approve an approach which requires a determination in each case as to whether the particular material to be produced is sufficiently "sensitive" to warrant immediate appellate review. See also MDK, 27 F.3d at 120 ("A judicially created exception to nonappealability for categories of sensitive information is the quintessential slippery slope."). Further, the Court indicated in Digital Equipment that the collateral order doctrine should apply to broad categories of interlocutory orders, without concern for the individual circumstances of particular cases. See Digital Equipment, 511 U.S. at 868, 114 S.Ct. at 1996 ("We have accordingly described the conditions for collateral order appeal as stringent, and have warned that the issue of appealability under S 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted, by a prompt appellate court decision.") (citations and internal quotation marks omitted).

The Court's decision in Digital Equipment warns that the collateral order doctrine is "narrow" and that claims for its applicability should be subjected to "broad scrutiny." See id. at 868, 114 S.Ct. at 1996 ("[W]e have. . . repeatedly stressed that the `narrow' exception should stay that way

and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered . . . .") (citation omitted); see also We, Inc. v. City of Philadelphia, 174 F.3d 322, 324–25 (3d Cir. 1999) (emphasizing that the collateral order doctrine is to be construed narrowly). The following passage from Digital Equipment indicates that the doctrine should not be applied to the myriad of district court orders which arguably will cause the irretrievable loss of a party's rights:

> [T]he strong bias of S 1291 against piecemeal appeals almost never operates without some cost. A fully litigated case can no more be untried than the law's proverbial bell can be unrung, and almost every pretrial or trial order might be called `effectively unreviewable' in the sense that relief from error can never extend to rewriting history. Thus, erroneous evidentiary rulings, grants or denials of attorney disqualification, and restrictions on the rights of intervening parties, may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment; and other errors, real enough, will not seem serious enough to warrant reversal at all, when reviewed after a long trial on the merits . . . . But if immediate appellate review were available every such time, Congress's final decision rule would end up a pretty puny one, and so the mere identification of some interest that would be `irretrievably lost' has never sufficed to meet the third Cohen requirement.

Digital Equipment, 511 U.S. at 872, 114 S.Ct. at 1998 (citations omitted).

In light of Cunningham and Digital Equipment and the approach taken by other courts of appeals we determine that we should not extend our case law beyond the narrow categories of trade secrets and traditionally recognized privileges, such as attorney-client and work product. While the sensitive nature of the material at issue here may separate Allstate from the "ordinary" party who seeks to appeal a discovery order, Cunningham and Digital Equipment counsel against application of the collateral order doctrine on such a case-by-case basis. Accordingly,

9

we are constrained to resist any temptation to extend
Smith, Ford, and Montgomery County  any further.1

We make one final point on this appeal. The parties
should not infer from our opinion that we in any way are
motivated by the belief that the requirement for disclosure
of the details of the settlements was appropriate. Quite to
the contrary, we find the disclosure order troubling because
so many factors may lead to a settlement in any particular
case. Accordingly, it is not immediately evident why
revealing the amount of settlements in other cases can be
helpful here. Indeed, we can foresee that an attempt to use
evidence of these settlements at trial could require
significant exploration of the proceedings in other cases,
thereby causing the parties to lose the proper focus in this
case. Moreover, we can understand how by allowing a party
to use evidence of settlements a court could discourage
settlements in the future. Nevertheless in light of our
absence of jurisdiction we cannot intercede.

For the foregoing reasons we will dismiss the appeal for
lack of jurisdiction.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit
_____

1. Of course, immediate appellate review of discovery orders may be
available under appropriate circumstances by means of a petition for a
writ of mandamus or a permissive interlocutory appeal under 28 U.S.C.
S 1292. See Simmons 37 F.3d at 328-29 & n.2. While we recognize that
we can treat a notice of appeal as a petition for mandamus, we will not
consider that possibility here because Allstate in its extensive briefing
and in response to our clerk's inquiry on the jurisdictional issue has not
requested that we do so. See br. at 26-35; reply br. 15-18. This omission
must have been intentional as Allstate has cited and relied heavily on
Ford, a case in which the appellant as an alternative to invoking
appellate jurisdiction, sought mandamus relief. We also point out that
Allstate did not file a motion asking for a district court certification
so
that it could have sought permission to file an interlocutory appeal
under 28 U.S.C. S 1292 from the order of June 9, 1999.