

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2006

# In Re: Martin Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-9017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Martin Horn " (2006). *2006 Decisions.* Paper 846.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/846

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-9017 & 04-9018

IN RE: MARTIN HORN,
JOSEPH MAZURKIEWICZ, and GEORGE R. WHITE,
Petitioners at No. 04-9017

DONALD HARDCASTLE

v.

MARTIN HORN, Pennsylvania Department of Corrections;
GEORGE R. WHITE, Superintendent of the
State Correctional Institution at Pittsburgh;
JOSEPH P. MAZURKIEWICZ, Superintendent of the
State Correctional Institution at Rockview,
Appellants at No. 04-9018

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 98-cv-3028
(Honorable John R. Padova)

Submitted on Petition for Writ of Mandamus Under Rule 21, Fed. R. App. P.
and Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction
May 18, 2006

Before: SCIRICA, <u>Chief Judge</u>, AMBRO and ALDISERT, <u>Circuit Judges</u>.

(Filed June 23, 2006)

OPINION OF THE COURT

PER CURIAM.

These consolidated matters involve an interlocutory appeal and a petition for a writ of mandamus brought by the Commonwealth of Pennsylvania in a capital habeas corpus proceeding. Specifically, the Commonwealth seeks to challenge a discovery order issued by the District Court at the request of Donald Hardcastle, who seeks habeas corpus relief on a claim of racial discrimination in jury selection under <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). After the Commonwealth attempted to invoke this Court's appellate and mandamus jurisdiction, the District Court vacated the challenged discovery order and entered a new order in complete accord with the parties' agreement.

For the following reasons, we agree with Hardcastle that we lack appellate jurisdiction to review the challenged discovery order and will grant his motion to dismiss the Commonwealth's appeal. We also agree with Hardcastle that the Commonwealth's mandamus petition is moot and will deny it as such.

I.    **Background**

In 1982, a Philadelphia jury found Donald Hardcastle guilty of two counts of first degree murder. The trial court imposed a sentence of death. The Pennsylvania Supreme

Court affirmed Hardcastle's conviction and sentence, Commonwealth v. Hardcastle, 546 A.2d 1101 (Pa. 1988), and subsequently affirmed the denial of state post-conviction relief, Commonwealth v. Hardcastle, 701 A.2d 541 (Pa. 1998).

On federal habeas corpus review, the District Court granted relief on Hardcastle's Batson claim alleging that Judith Rubino, the assistant district attorney who conducted jury selection at his trial, exercised her peremptory strikes in a racially discriminatory manner in violation of the Equal Protection Clause. On appeal, we agreed with the District Court that the Pennsylvania Supreme Court's rejection of Hardcastle's Batson claim was objectively unreasonable based on the current record. Hardcastle v. Horn, 368 F.3d 246, 250 (3d Cir. 2004), cert. denied, 543 U.S. 1081 (2005). We concluded, however, that the Commonwealth had been denied an opportunity in the District Court to present evidence in support of its position, and remanded for a hearing and reexamination of Hardcastle's Batson claim. Id.

On remand, Hardcastle moved for discovery of "any and all notes generated by [Rubino] regarding the jury selection proceedings in [Hardcastle's] trial that are in [the Commonwealth's] actual or constructive possession or control." (Discovery Mot. ¶ 3.a.) Hardcastle also moved to discover Rubino's jury selection notes in other homicide prosecutions and various documents regarding the District Attorney's jury selection policies and practices while Rubino served as a prosecutor, and to take Rubino's deposition prior to the hearing. In response, the Commonwealth expressly agreed to

3

provide Rubino's notes from jury selection in Hardcastle's case, but objected to the remaining requests as overbroad, burdensome, and/or not relevant.

By order entered August 18, 2004, the District Court granted Hardcastle's discovery motion over the Commonwealth's objections. On August 27, 2004, the Commonwealth challenged the discovery order by filing a petition for writ of mandamus (No. 04-9017) and a notice of appeal (No. 04-9018). By order entered September 10, 2004, the District Court vacated its prior discovery order entirely, then granted discovery only of Rubino's notes from jury selection in Hardcastle's case, i.e., the portion of Hardcastle's request to which the Commonwealth expressly agreed. The District Court has conducted no further proceedings.

After consolidating the Commonwealth's appeal and mandamus petition, the Clerk instructed the parties to show cause why the cases should not be dismissed as moot in light of the District Court's September 10, 2004 order. We have received the parties' responses reflecting the Commonwealth's belief that the cases are not moot. Hardcastle in turn moves to dismiss the cases for lack of jurisdiction, or in the alternative for an expedited briefing schedule.

## II. Discussion

From a practical perspective, the resolution of the current matters is simple because nothing remains for us to adjudicate. The Commonwealth agreed, and still

4

agrees,[1] to produce Rubino's notes from jury selection in Hardcastle's case. The District

Court's second discovery order of September 10, 2004, requires nothing more. We could

not provide the Commonwealth any relief beyond that which the District Court has

already fashioned. For all practical purposes, then, these matters are moot. See Donovan

ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003) (citing

County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) ("The

ability to grant effective relief lies at the heart of the mootness doctrine.")).

Notwithstanding, the Commonwealth maintains that these matters are not moot.

The Commonwealth argues that the District Court's first discovery order of August 18,

2004, is still valid, and that its second discovery order is a nullity. Invoking the general

notion that filing a notice of appeal divests a district court of jurisdiction, see Venen v.

Sweet, 758 F.2d 117, 120 (3d Cir. 1985), the Commonwealth contends that the District

Court lacked the authority to vacate its first discovery order.

Before addressing the Commonwealth's argument, we pause to question why the

Commonwealth invokes this general rule in an attempt to invalidate the second discovery

order. After all, the second discovery order embodies the precise terms to which the

Commonwealth agreed. The Commonwealth could have avoided considerable expense

and delay if it had voluntarily withdrawn its appeal and mandamus petition as soon as the

---

[1]In response to the Clerk's suggestion of mootness, the Commonwealth reiterates that it "does not object to pre-hearing discovery of the prosecutory's jury selection notes in **this** case." (Commonwealth's Response at n.1.)

District Court vacated the challenged order.  The Commonwealth's response indicates a different strategy, however:

> This issue has also arisen with ever-increasing frequency **in other cases**. Hardcastle's institutional counsel, who represent virtually every death-sentenced Pennsylvania prisoner in federal court, now routinely ask for similar discovery in support of Batson claims that were rejected, or not litigated, in the state courts. . . . The Commonwealth has a strong interest in having this Court set guidelines for such requests – a decision by this Court will save taxpayer money and conserve the Commonwealth's limited resources, while allowing district judges to focus on other issues.

(Commonwealth's Mootness Response at 5-6 (emphasis added).)  This response suggests an invitation for us to issue an advisory opinion on the scope of discovery for Batson claims.  Because we are not in the business of issuing advisory opinions, we decline the Commonwealth's invitation.  See Magaziner v. Montemuro, 468 F.2d 782, 784 (3d Cir. 1972) (quoting Wright, Federal Courts, § 12 at 37) ("The oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.").

Whatever its strategy, the Commonwealth is correct that filing a notice of appeal generally divests a district court of jurisdiction.  The Commonwealth neglects to explain, however, that a district court does not lose jurisdiction when a notice of appeal is filed from an order or judgment which is not appealable.  See Venen, 758 F.2d at 121.  An appeal from such an order is "a nullity."  Id.  Otherwise, a litigant could temporarily "deprive a district court of jurisdiction at any non-critical or critical juncture including

6

trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process." Id.

For purposes of determining our appellate jurisdiction, then, the question is whether the District Court's August 18, 2004 discovery order is an immediately appealable order. If not, we lack jurisdiction and must dismiss the appeal. While a discovery order is not a final order subject to appeal under 28 U.S.C. § 1291, it may in narrow circumstances be appealable under the collateral order doctrine. See ADAPT of Phila. v. Phila. Hous. Auth., 417 F.3d 390, 394 (3d Cir. 2005). The collateral order doctrine provides that "[a]n appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment." Bacher v. Allstate Ins. Co., 211 F.3d 52, 53 (3d Cir. 2000).

This Court's jurisprudence establishes that the requirements of the collateral order doctrine are met "when a party appeals a discovery order involving information which the party claims to be privileged or to constitute a trade secret." Id. These privileges include the attorney-client privilege and the work product privilege. In re Ford Motor Co., 110 F.3d 954, 962-63 (3d Cir. 1997). In its petition for mandamus relief filed in this Court, the Commonwealth posits "a privilege problem." According to the Commonwealth,

7

Rubino's jury selection notes are "encompassed by the 'work product privilege'" and thus not subject to discovery.

Hardcastle counters that the Commonwealth did not claim the work product privilege or any other privilege in its response to his discovery motion. In that motion, Hardcastle requested discovery of Rubino's jury selection notes in his trial, her jury selection notes in all other homicide trials in which she conducted jury selection, and documents regarding jury selection policies and practices by the Philadelphia District Attorney's Office. He also asked to depose Rubino prior to any evidentiary hearing. Nothing in the Commonwealth's response suggests that any item or request is protected from discovery by the work product privilege or any other privilege. For this reason, Hardcastle believes that the Commonwealth did not properly claim the work product privilege.

Hardcastle's point is well taken. Presumably, if the Commonwealth had expressly claimed the work product privilege, the District Court would have addressed the applicability of the privilege. If so, the District Court could have examined each of the requested discovery items and decided which, if any, were discoverable. If the Commonwealth had then filed an interlocutory appeal from such a decision, we could readily determine our appellate jurisdiction under the collateral order doctrine. We could also readily determine whether the Commonwealth would be entitled to any relief from the discovery order.

In response, the Commonwealth points to a reference in the District Court record as proof that it invoked the work product privilege. A thorough review of the record confirms that when Hardcastle filed his amended habeas petition in November 1999, he indicated that he would seek discovery similar to that requested in his discovery motion. (Amended Pet. at 80 n.42; 81-82 n.43; 82-83 n.44.) In its answer to the amended petition, the Commonwealth asserted that any discovery requests were premature and without merit. (Answer at 133.) In his reply, Hardcastle reiterated his discovery requests. (Reply at 120 n.100; 121 n.102.) In its surreply, the Commonwealth challenged any discovery requests as irrelevant, non-existent, and premature because no formal discovery motion had been filed. In a footnote, the Commonwealth stated that no discovery should be granted because the Batson claim is meritless and Rubino's notes are protected as attorney work product. (Surreply at 29 n.9.)

A brief examination of discovery procedures in habeas proceedings demonstrates that the Commonwealth's unexplained reference to the work product privilege – tucked in a footnote in a lengthy document filed years before any formal discovery request was made – is insufficient to claim the privilege. In habeas proceedings in the district courts, the initial disclosure rules regarding discovery do not apply. See Fed. R. Civ. P. 26(a)(1)(E)(ii). Rather, the district judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) of the Rules Governing Section 2254 Cases; see Mayberry v.

Petsock, 821 F.2d 179, 185 (3d Cir. 1987) (stating that prior court approval for discovery is required under Rule 6(a)). A party seeking discovery in a habeas proceeding must make specific requests and must provide reasons for the requests. See Rule 6(b).

Under the Federal Rules of Civil Procedure, as referenced in Rule 6(a), a party claiming that discovery material is privileged as work product "shall make the claim expressly and shall describe the nature" of the requested material. Fed. R. Civ. P. 26(b)(5). The party requesting such material bears the burden of showing that he "has substantial need of the materials" and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3). The district court, in ordering discovery of privileged materials, "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories" of an attorney concerning the litigation. Id.

Here, in his discovery motion, Hardcastle made specific discovery requests, as described previously; he also provided reasons for those requests. In its sixteen-page response, the Commonwealth did not suggest that any document is protected from discovery by the work product privilege, much less "claim it expressly," as Rule 26(b)(5) requires. Because the Commonwealth did not properly claim the privilege, the District Court did not examine any of the documents to decide which portions (if any) were

10

protected from discovery as work product.[2]  Because the Commonwealth did not

sufficiently claim the privilege, the District Court's August 18, 2004 discovery order is

not immediately appealable under the collateral order doctrine.  In the absence of an

immediately appealable discovery order, we lack appellate jurisdiction.  Accordingly, we

will grant Hardcastle's motion and will dismiss the Commonwealth's appeal.

The remaining issue of the Commonwealth's mandamus petition is easily resolved.

In the absence of an effective appeal, the District Court retained jurisdiction on

September 10, 2004, to vacate its August 18, 2004 order and to issue a new discovery

order.  Thus, the District Court's second discovery order is valid.  The order requires

nothing more from the Commonwealth than that to which it expressly agreed.  Because

the District Court has already granted that which the Commonwealth requests, the

mandamus petition is moot.  We will grant Hardcastle's request to deny it as such.

## III.    Conclusion

For these reasons, we will grant Hardcastle's motion to dismiss the

Commonwealth's appeal for lack of jurisdiction.  We will deny as moot the

Commonwealth's petition for a writ of mandamus.

---

[2]We do not decide whether the Commonwealth waived the privilege by failing to claim it properly in the District Court.  Although the parties have agreed to the scope of discovery, it is conceivable that Hardcastle will later request further discovery to prove his Batson claim.  If so, and if the Commonwealth claims the privilege, the District Court can decide in the first instance whether the Commonwealth waived the privilege.

11