

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# Wexco Ind v. ADM21 Co Ltd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4853

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Wexco Ind v. ADM21 Co Ltd" (2008). *2008 Decisions.* Paper 1784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos: 05-4853/5174

WEXCO INDUSTRIES,

Appellants

v.

ADM21 CO. LTD; PENNZOIL-QUAKER STATE CO. d/b/a SOPUS PRODUCTS;
SHELL LUBRICANTS U.S.

On Appeal from the United States District Court
for the District of New Jersey
D.C. 04-cv-05244
District Judge: Hon. Joseph A. Greenaway, Jr.

Submitted pursuant to Third Circuit LAR 34.1(a)
December 6, 2007

Before: McKEE, CHAGARES and HARDIMAN, Circuit Judges.

(Filed: January 9, 2008)

OPINION

McKee, Circuit Judge

Michael S. Kimm, counsel for ADM21, appeals the district court's denial of his application for an order to show cause to obtain certain client papers from Robert I. Choo, prior counsel to ADM21. Because we lack jurisdiction, we will dismiss this appeal.

We have frequently stated, as a rule, "discovery orders are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. § 1291."

*Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 53 (3d Cir. 2000) (internal quotations and citations omitted). There is, however, a narrow exception to this rule "when a party appeals a discovery order involving information which the party claims to be privileged or to constitute a trade secret." *Id.*

Kimm argues that we have jurisdiction "under 28 U.S.C.A. 1291 and the Collateral Order doctrine as construed in *Bacher* []." Appellant's Br. at 1. We disagree. The mere denial of ADM21's application does not immediately implicate the disclosure of any documents purportedly protected by attorney-client privilege.

Unfortunately, the sparse record provided to this court has forced us to scour the docket entries from the district court to piece together the history of this dispute.[*] It appears from the remarkably scanty record before us that Kimm sent a "letter-application" to the district court requesting that the court order Choo to turn over certain client papers. Choo responded with a "declaration" alleging that Kimm already had his client's papers and denying many of the allegations in Kimm's letter. Choo also alleged that he is still owed legal fees. Those allegations are consistent with a Petition for Lien that Choo filed on January 17, 2006.

Based upon our review of this case, it is clear that this appeal arises out of Kimm's

---

[*] Appellant has not even provided a copy of the order appealed from. Rather, we have had to search the docket entries to see that an order was entered on October 5, 2005, "DENYING ADM21 Co., Ltd's appl. for an OTSC." We assume from this that the district court interpreted ADM21's July 26, 2005, letter as a motion for a Rule to Show Cause.

dispute with Choo, and that questions of disputed fact continue to surround that dispute. Given this posture, there is no final order to appeal from. Accordingly, we can not now address the issue ADM21 attempts to raise.

We therefore must dismiss this appeal for lack of jurisdiction. However, we will do so without prejudice to Kimm's right to apply to the district court for whatever relief that court may deem appropriate together with whatever protective orders that court may deem necessary to protect any privilege that may apply to the disputed client papers.