

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2008

# In Re: Carco Elec

Precedential or Non-Precedential: Precedential

Docket No. 07-1009

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Carco Elec " (2008). *2008 Decisions.* Paper 745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1009
_____

IN RE: CARCO ELECTRONICS, a California Corporation,

Debtor

IDEAL AEROSMITH, INC.,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-01190)
District Judge:  The Honorable Terrence F. McVerry
_____

ARGUED MAY 20, 2008

BEFORE:  SMITH and NYGAARD, <u>Circuit Judges</u>,
and STAFFORD,[*] <u>District</u> <u>Judge</u>.

_____

[*] Honorable  William  H.  Stafford,  Jr.,  Senior  District
Judge for the United States District Court for the Northern
(continued...)

(Filed: July 29, 2008)
_____

George T. Snyder, Esq. (Argued)
Roy E. Leonard, Esq.
Stonecipher, Cunningham, Beard & Schmitt
125 First Avenue
Pittsburgh, PA 15222
          Counsel for Appellant


Leland P. Schermer, Esq. (Argued)
Bryan A. Loose, Esq.
Michael Monyok, Esq.
Leland Schermer & Associates
11 Stanwix Street, 7th Floor
Pittsburgh, PA 15222
          Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

---

*(...continued)
District of Florida, sitting by designation.

2

The question before us is whether a discovery order granting a trade secret protection from exposure is immediately appealable if the prevailing party is dissatisfied with the scope or degree of protection afforded? We hold that such an order is neither final nor appealable and will dismiss the appeal.

I.

Carco Electronics filed for Chapter 11 protection. Ideal Aerosmith Inc., a supplier of precision inertial guidance test systems, rotational rate tables, centrifuges, and high dynamic flight test tables, improperly took possession of Carco's production facilities without obtaining court approval. Carco then filed an emergency petition in the Bankruptcy Court to confirm, and thus legitimate this transaction. Acutronic USA Inc., a competitor of Ideal's in the aerospace field, had filed a counter-offer for Carco's assets. Upon learning that Ideal was already on the premises and operating Carco's business,

3

Acutronic filed a motion to prohibit Ideal from appropriating Carco's assets.

The Bankruptcy Court issued a desist order, directing Ideal to discontinue using and appropriating the assets it had removed and/or converted from Carco. Ultimately, Acutronic was the successful bidder and purchased Carco's assets at a court-sanctioned sale. When Acutronic personnel attempted to take possession of Carco's assets immediately following the hearing, Ideal employees stalled, retaining possession for another day. Acutronic claims that numerous files were copied and deleted during this interregnum and requested discovery to determine the extent to which Ideal had violated the Bankruptcy Court's desist order.

Acutronic and Ideal each filed a motion for a protective order relating to the exchange of trade secrets during discovery. A computer source code for the parties' motion controllers (the

Ideal Aero 400 and Acutronic's Cascade) was the central issue.[1]
Following a hearing, the Bankruptcy Court entered a protective order allowing "counsel and one senior executive of each company to see 'Highly Confidential' information under strict terms."

Ideal appealed the entry of the protective order to the District Court, which affirmed. Ideal now appeals to this Court.

## II.

Appellate jurisdiction is traditionally predicated on 28 U.S.C. § 1291 which gives us "jurisdiction of appeals from all final decisions of the district courts of the United States." This finality requirement is an essential element of § 1291 and most often requires that a district court issue a decision that completely ends the litigation and leaves nothing for the court

---

[1] A "controller" is the "brain" of a motion simulator and inertial guidance test system made by both companies.

to do but execute its judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). It is axiomatic that discovery orders "are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. § 1291." *Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 53 (3d Cir. 2000) (internal quotation and citations omitted). The collateral order doctrine, first enunciated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), provides an exception to the general rule which limits appellate review to final orders.[2]

---

[2] An appeal of a non-final order will only lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment. *In re: Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir. 1997).

In this Circuit we have created an exception to the non-appealability of discovery orders. In *Smith v. BIC Corp.*, 869 F.3d 194 (3d Cir. 1989), we held that if a party is ordered to disclose trade secrets, it can invoke the collateral order doctrine to obtain an immediate appeal. *Id.* at 198-199; *see also ADAPT of Philadelphia v. Philadelphia Housing Authority*, 417 F.3d 390, 395 (3d Cir. 2005) (citing *Powell v. Ridge*, 247 F.3d 520, 524 (3d Cir.2001)); *Bacher*, 211 F.3d at 57.[3]

In *Bacher*, we specifically upheld our holding in *Smith*. 869 F.2d at 198-99. But, we went to some length to cabin *Smith*

---

[3] Other courts of appeal have rejected our approach, however, and have declined to exercise jurisdiction under the collateral order doctrine over appeals from discovery orders where privilege issues or trade secrets are involved. *See, e.g., FDIC v. Ogden Corp.*, 202 F.3d 454, 458 & n. 2 (1st Cir. 2000); *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997); *Simmons v. City of Racine*, 37 F.3d 325, 327 (7th Cir. 1994); *Boughton v. Cotter Corp.*, 10 F.3d 746, 149-50 (10th Cir. 1993).

and, to a lesser extent, *Ford,* to their specific fact situations. We were influenced in *Bacher* by the Supreme Court's opinions in *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), and *Digital Equipment Corp. v. Desktop Direct, Inc*., 511 U.S. 863 (1994) – both of which were decided after *Smith*.

In *Cunningham*, the Supreme Court held that an order imposing sanctions on a party's attorney for discovery abuses was not immediately appealable under the collateral order doctrine. *Cunningham*, 527 U.S. at 203-204. In so ruling, the Supreme Court indicated that the separability requirement of the collateral order doctrine was not met. *Id.* at 204-205 (citations omitted).[4] Further, the Supreme Court's statement in

---

[4] Similarly, in *Bacher*, the district court's order necessarily entailed some determination as to whether the settlement information sought by the Bachers was relevant to the merits of the bad faith claim and/or their claim for punitive damages. Accordingly, we found it "questionable" as to whether

(continued...)

8

*Cunningham* that we should not apply the collateral order doctrine on a "case-by-case" basis indicates that we should not attempt to carve out individualized, case -specific exceptions to the general rule that discovery orders are not immediately appealable. *Id.* at 206; *see also In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 397 (3d Cir. 2006).

The Supreme Court's decision in *Digital Equipment* cautions that the collateral order doctrine is "narrow" and that claims for its applicability should be subjected to "broad scrutiny." 511 U.S. at 868 ("[W]e have ... repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been

[4] (...continued)
the separability requirement is satisfied.

9

entered ....") (citation omitted); *see also We, Inc. v. City of Philadelphia*, 174 F.3d 322, 324-25 (3d Cir.1999) (emphasizing that the collateral order doctrine is to be construed narrowly).

Acutronic argues that while this panel may not directly overrule *Smith*, the Supreme Court has already done so, *sub silentio*.[5]  Admittedly, there are strong statements in both Supreme Court opinions and, in particular, our opinion in *Bacher, supra*., that seem to suggest that our holding in *Smith* is flawed.  But, a reversal of *Smith* must be left to the wise counsel of the Court *en banc*.  The concerns we expressed in *Smith* for orders denying protection to trade secrets remain valid ones and

_____

[5.]Although our decision in *Smith* has been widely criticized, it remains the law of this Circuit. *See Mariana v. Fisher*, 338 F.3d 189, 201 (3d Cir.2003) ("'[N]o subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so.'") (quoting Third Circuit Internal Operating Procedure 9.1).

10

we conclude that these concerns were not invalidated by intervening Supreme Court precedent. As we have explained,

> [a]ppeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials. At best, on appeal after final judgement, an appellate court could send the case back for re-trial without use of the protected materials. At that point, however, the cat is out of the bag.

*Ford,* 110 F.3d at 958-664.

However, when the appealing party objects solely to the form or scope of the protection given, these same concerns do not provide sound jurisprudential footing to appeal. Orders that grant some protection to trade secrets are clearly distinguishable from orders that deny all protection to trade secrets. The order here grants protection from disclosure, and as with any other garden variety discovery order, may be appealed in due course and only when a final order is entered.

11

III.

Parties like Ideal who believe they have been granted insufficient protection are not without remedy. They can still seek permissive review under 28 U.S.C. § 1292(b) if the district judge agrees that an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b) (2000); *see also Chao v. Roy's Const., Inc.*, 517 F.3d 180, 188 (3d Cir. 2008).[6] Mandamus relief is also available to the parties in challenging

---

[6.]We have noted, however, that a discovery order will not ordinarily present a controlling question of law and that an immediate appeal from such an order, in most circumstances, will not materially advance the termination of the litigation. *See Cippolone v. Liggett Group Inc.*, 785 F.2d 1118 n. 14 (3d Cir. 1986).

12

the grant of a protective order to alleged trade secrets. *See, e.g., Cippolone v. Liggett Group Inc.*, 785 F.2d 1108 (3d Cir. 1986). Finally, a party could refuse to comply with the protective order, be held in contempt and then appeal the contempt order. *See Church of Scientology v. United States*, 506 U.S. 9, 18, n. 11 (1992) (citing *United States v. Ryan*, 402 U.S. 530 (1971)).

IV.

In sum and for the foregoing reasons we will dismiss the appeal for lack of jurisdiction.

13