NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1519
_____

JOSEPH R. REISINGER,
Appellant

v.

CITY OF WILKES-BARRE; MAYOR THOMAS LEIGHTON, City of Wilkes-Barre;
FRANCIS KATZ, Plumbing Inspector, City of Wilkes-Barre, Code Enforcement Officer;
GREGORY BARROUK; MICHAEL KERMEC; THE CADLE COMPANY II, INC. *

*(Amended in accordance with Clerk's Order dated March 28, 2011)
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 3:09-cv-00210)
District Judge: Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2012
_____

Before: GREENAWAY, JR., NYGAARD, VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: March 29, 2013)

———————

OPINION

———————

GREENAWAY, JR., *Circuit Judge*.

In the course of pursuing his suit against Appellees, Appellant Joseph R. Reisinger ("Appellant") filed with the District Court (1) a motion for an extension of the discovery period and (2) motions to compel production of documents by Appellees. The District Court denied Appellant's motions as well as a Motion to Reconsider. Appellant appealed. For the reasons discussed below, we will affirm the District Court's denial of Appellant's Motion to Reconsider.

## I.    FACTS AND PROCEDURAL HISTORY

Because we write primarily for the benefit of the parties, we recount only the facts essential to our discussion. Pursuant to 42 U.S.C. § 1983, Appellant filed suit against Appellees in early February 2009, alleging, among other things, the violation of his First, Fourth, Sixth, and Fourteenth Amendment rights. As part of its Case Management Order, the District Court set the end of discovery for November 30, 2009. On October 30, 2009, Appellant — at that time represented by counsel — filed his first motion to extend this discovery deadline. (App. at 52-53 (requesting a 90-day extension "due to the number of Defendants and the complexity of the case").) The District Court granted this motion, and extended the discovery deadline to January 31, 2010.

In early January 2010, Appellant once again requested an extension of the discovery deadline — this time due in part to an "injury sustained by the Plaintiff on

2

December 29, 2009." (*Id.* at 61-62.) In granting this extension, the District Court specifically limited the scope of discovery to the taking of certain already-noticed depositions and "discovery related to information obtained during the depositions specifically allowed by this Order." (*Id.* at 63-64.)

In late March, Appellant — who is a tax attorney — discharged his counsel and elected to proceed *pro se*. As a consequence, Appellant sought once again to extend the discovery deadline — this time requesting an additional 120 days. Appellant averred that his counsel never informed him of the various discovery deadlines and that, without the requested extension of time, he would be unable to proceed with his suit. Appellant therefore requested "(i) sixty (60) days to prepare and serve interrogatories and motions for production of documents on each of the Defendants, . . . and to review the responses thereto, and (ii) sixty (60) days to schedule and take depositions of the Defendants and any other potential witnesses." (*Id.* at 69-70.)

In its subsequent Order, the District Court again extended the discovery deadline, this time mandating that "[a]ll discovery shall be completed on or before June 30, 2010."[1] (*Id.* at 78-79 (extending the deadline, in part, because Appellant was "no longer represented by counsel and [was] proceeding pro se").)

The situation came to a head once the June 30, 2010 deadline passed. In early August, Appellees requested an extension of the discovery deadline until September 30,

---

[1] In a subsequent order, the District Court explained that this extension of time no longer limited the nature of the discovery to which Appellant was entitled.

2010 due to certain delays on Appellant's part. Appellant responded with a cross-motion, requesting an opportunity to file (a) motions to compel and (b) a response and proposed amended case management plan. Appellant averred that he had not engaged in any dilatory tactics but had instead been addressing a litany of health problems and the recent death of his son (who had passed mere days before the June 30, 2010 deadline had run). Before the District Court ruled on his cross-motion, however, Appellant filed a pair of motions to compel on August 16, directing Appellees to produce certain documents and answer certain interrogatories. The very next day, the District Court denied Appellant's motion for an extension of time[2] and, a day after that, denied Appellant's motions to compel as untimely.

Having thus been deprived of additional discovery, Appellant moved the District Court to reconsider its rulings from August 17 and 18. After Appellees filed opposition briefs in mid-September, Appellant requested a 10-day extension of time to file his reply brief, successfully extending his filing deadline to October 14, 2010. But when the fourteenth came, Appellant again requested an extension, this time seeking an additional eleven days. And when those additional eleven days had gone by, Appellant once more requested an extension, seeking an extra 24-hours, and another 48 hours after that. This, it seems, was the straw that broke the camel's back.

The District Court, citing its interest in "judicial economy and administrative efficiency," issued an order on October 28 that suspended all filing deadlines and

---

[2] While the District Court's order was dated August 16, it was not officially docketed until August 17.

prohibited any further filings without the District Court's permission. *Reisinger v. City of Wilkes-Barre*, No. 3:09-cv-00210 (M.D. Pa. Oct. 28, 2010). Consequently, it denied Appellant's motion for a 48-hour extension as moot. *Id.* Then, after a December 2010 conference, the District Court denied Appellant's motion for reconsideration and referred the case to a Magistrate Judge for further proceedings.

It was then that Appellant moved to voluntarily dismiss his case (with prejudice), pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure so as to take an appeal from the District Court's denial of his motion for reconsideration. On the Magistrate Judge's recommendation, the District Court granted Appellant's motion. Appellant's planned appeal is now before us.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction to hear the case pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.[3]

Ordinarily, "the denial of a motion for reconsideration is reviewed for an abuse of discretion." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995) (citing *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985)). Thus, we look to see whether the decision was "'arbitrary, fanciful or clearly unreasonable.'" *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 201

---

[3] Ordinarily, a District Court's discovery-related decisions are not final rulings under 28 U.S.C. § 1291. *Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 53 (3d Cir. 2000). In the instant case, however, Appellant chose to voluntarily terminate his suit — with prejudice — in order to take immediate appeal from the District Court's ruling regarding the motion to reconsider. *See* Fed. R. Civ. P. 41(a)(2).

(3d Cir. 2012) (quoting *Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 542 (3d Cir. 2007)).

However, "[b]ecause an appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552-53 (3d Cir. 1992) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348-49 (3d Cir. 1986)). Thus, where "the underlying judgment was based in part upon the interpretation and application of a legal precept, our review is plenary." *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992) (citing *Koshatka*, 762 F.2d at 333). However, "to the extent that the district court's order was based on its factual conclusions, we review under a 'clearly erroneous' standard." *Id.* (citing *Ram Constr. Co. v. Am. States Ins. Co.*, 749 F.2d 1049, 1053 (3d Cir. 1984)). In reviewing a district court's rulings regarding discovery, we look for an abuse of discretion. *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000).

## III.   ANALYSIS[4]

We have long held that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).  Moreover, "[w]e will not interfere with a trial court's control of its docket 'except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant.'" *Id.* (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)).  Thus, Appellant would have to demonstrate that "the district court's denial of discovery 'made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.'" *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1032 (3d Cir. 1997) (quoting *In re Fine Paper*, 685 F.2d at 818).

In the instant case, the District Court denied Appellant's motion for an extension of time because Appellant was "routinely dilatory in compliance with deadlines" and the "scheduling difficulties which his problems create[d] for Defendants certainly [did] not promote the efficient administration of justice." (App. at 6.)  Moreover, the District Court rightly observed that, while the passing of Appellant's son is a tragedy, Appellant

---

[4] The vast majority of Appellant's arguments rely on an erroneous premise: that the District Court's decisions to deny his requests for additional discovery are tantamount to imposing sanctions under Rule 37 of the Federal Rules of Civil Procedure.  In line with this argument, Appellant continuously asserts that the District Court, in denying him additional discovery, effectively imposed the "Death Penalty" on his case.  (*See, e.g.*, Appellant's Br. at 2.)  As a preliminary point, we note that there is no basis in the record for finding that these rulings were a form of sanctions.  Thus, we decline to engage in the sort of review that Appellant invites us to undertake.

"present[ed] absolutely no evidence that he would have complied with the [existing] deadline but for the tragic event." (*Id.*) Most importantly, while Appellant did provide plausible explanations for many of the delays, we find no abuse of discretion in the District Court's ruling given that he failed to demonstrate "that more diligent discovery was impossible." *Mass. Sch. of Law.*, 107 F.3d at 1032 (internal quotation marks omitted).

We likewise see no error in the District Court's denial of Appellant's untimely Motions to Compel. The District Court observed that "the Court has denied [Appellant's] motion for extension of time to file motions to compel" and "the Court's subsequent extension of the discovery deadline was not intended to provide an additional opportunity to accomplish things that could have and should have been accomplished by the June 30, 2010, discovery deadline." (App. at 145.) Because this motion could have rightly been filed before the June 30 deadline — as the District Court noted, Appellant had conceded his understanding of Appellees' alleged stalling tactics — we see no abuse of discretion in this ruling.

Having found no initial error that would have compelled the District Court to reverse its decision on a motion to reconsider, we turn to the substance of Appellant's motion. Previously, we have held that motions to reconsider have a very limited scope: they are not "to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Moreover, "new evidence" for

purposes of this inquiry "does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010).

In the instant case, we do not see how any of the materials and arguments submitted by Appellant in his Motion to Reconsider should have altered the District Court's analysis. The bulk of his submission consisted of claims and arguments (some substantiated by appended documents) regarding the reasons behind his delays. Aside from the fact that none of this material qualifies as "new evidence," we also hold that none of the arguments contained in Appellant's submission should have compelled the District Court to alter its decision with respect to the motion for an extension of time. Likewise, we can discern no basis for finding an abuse of discretion on the District Court's part regarding the motion to compel — the District Court rightly held that the motions were untimely, and Appellant provided no grounds (legal or factual) which would mandate a contrary holding.[5]

## IV. CONCLUSION

For the reasons discussed above, we will affirm the District Court's denial of Appellant's Motion to Reconsider.

---

[5] The District Court did not abuse its discretion in granting (and then declining to reconsider its ruling on) Appellees' motion for an extension of *their* discovery deadline. Appellees demonstrated that they were unable to conduct sufficient discovery due to Appellant's delays — whatever the causes may have been — and the District Court did not err in granting them additional time to complete discovery.

9