558 F.2d 1200
 UNITED STATES of America, Plaintiff,
v.
Joseph D. BEASLEY et al., Defendants Third-Party Plaintiffs.
Michael F. LITTLE, Receiver of the Family Health Foundation,
a Louisiana non-profit Corporation, Defendant
Third-Party Plaintiff-Appellee,
v.
TULANE UNIVERSITY et al., Third-Party Defendants,
New Orleans Health Corporation, Movant-Appellant.
 No. 76-2811
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Sept. 9, 1977.
 William J. Jefferson, Trevor G. Bryan, New Orleans, La., for New Orleans Health Corp.
 Michael F. Little, pro se.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case arises from an order of the District Court directing appellant, New Orleans Health Corporation, to turn over to the appellee, Receiver of Family Health Foundation, a sum of money, $90,498.99, representing a balance in a local bank account, and a sum of money, $46,941.65, representing overhead and administrative expenses incurred subsequent to the creation of the Receivership. Appellant seeks to appeal only from the order directing the turnover of the overhead and administrative expenses.
 
 
 2
 However, we have reviewed the record and are of the opinion that this appeal is premature and must be dismissed. It appears that the rights and liabilities of the parties to the sums directed to be turned over to the Receiver have not been finally adjudicated. An order directing the turnover of funds to a Receiver, we have held, is interlocutory and not a final adjudication of the rights of the Receiver in the funds. Wark v. Spinuzzi, 376 F.2d 827 (5 Cir. 1967). Furthermore, in addition to the two sums mentioned above, the complaint sought the recovery of the sum of $485,986.16 representing unpaid overhead and administrative expenses allegedly incurred prior to appointment of the Receiver. No action whatsoever has been taken with respect to the establishment of this claim.
 
 
 3
 This Court clearly has the authority as well as the duty to recognize sua sponte such a lack of jurisdiction. Unless an exception may be found,28 U.S.C. § 1291 requires that we dismiss the appeal for lack of a final decision. The exception specified in 28 U.S.C. § 1292(a)(2) does not apply. Wark, supra. No 28 U.S.C. § 1292(b) certificate authorizing an interlocutory appeal to be proffered for our discretionary acceptance has been issued by the District Court.
 
 
 4
 Therefore, this appeal is dismissed without prejudice to the right of the appellant to renew its appeal upon the entry of a final judgment.
 
 
 5
 DISMISSED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I