

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2009

# Govt of VI v. Lansdale

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2886

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Govt of VI v. Lansdale" (2009). *2009 Decisions.* Paper 1980.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1980

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2886
_____

GOVERNMENT OF THE VIRGIN ISLANDS;
BUREAU OF INTERNAL REVENUE

v.

WILLIAM M. LANSDALE;
MARIANTHI LANSDALE;
LA ISLA VIRGEN, INC.;
MARINA PACIFICA OIL COMPANY;
LONESOME DOVE PETROLEUM COMPANY,

Appellants
_____

No. 08-1674
_____

In re:  WILLIAM M. LANSDALE;
MARIANTHI LANSDALE,

Petitioners
_____

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas
(D.C. Nos. 01-cv-00157 and 92-cv-00079)
District Judge:  Honorable Raymond L. Finch
_____

Argued December 10, 2008
Before:  FISHER, JORDAN and STAPLETON, *Circuit Judges*.

(Filed: January 28, 2009)

John J. Gibbons (Argued)
Kevin C. McNulty
Gibbons
One Gateway Center
Newark, NJ  07102-5310
	*Attorneys for Appellants and Petitioners*

James L. Hymes, III
Bart F. Higgins (Argued)
Law Offices of James L. Hymes, III
5065 Norre Gade, Suite 3
P.O. Box 990
St. Thomas, VI  00804
	*Attorneys for Government of the Virgin Islands*
	*and Bureau of Internal Revenue*

Aquannette Chinnery-Montell
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
Charlotte Amalie
St. Thomas, VI  00802
	*Attorney for Bureau of Internal Revenue*

Mark D. Hodge
Hodge & Francois
1340 Taarneberg
Charlotte Amalie
St. Thomas, VI  00802

Richard Vanneck
9800 Buccaneer Mall, Suite 9
St. Thomas, VI  00802
	*Attorneys for Lonesome Dove Petroleum Company*

Maria T. Hodge (Argued)
Hodge & Francois
1340 Taarneberg
Charlotte Amalie
St. Thomas, VI  00802

Phillip S. Stenger
Stenger & Stenger
4095 Embassy Drive, Suite A
Grand Rapids, MI  49546
    *Attorneys for Joanne E. Bozzuto*

————————

OPINION OF THE COURT

————————

FISHER, *Circuit Judge*.

William Lansdale and Marianthi Lansdale appeal three orders entered by the District Court of the Virgin Islands disposing of motions involving tax receivership and arbitration proceedings.  The Lansdales have also filed a petition for a writ of mandamus.  The Virgin Islands Bureau of Internal Revenue ("VIBIR") and the Receiver have filed motions to dismiss the appeal for lack of jurisdiction.  For the reasons set forth below, we will dismiss the appeal for lack of jurisdiction and deny the petition for a writ of mandamus.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.[1]

A.

In 1991, the VIBIR obtained a tax deficiency judgment in the District Court against La Isla Virgen, Inc., a Lansdale-owned company, in the amount of $21,895,969.00.[2] The District Court subsequently appointed a Receiver on behalf of the Lansdale corporations to locate and secure assets belonging to the corporations. In 1998, the VIBIR filed a complaint against the Lansdales seeking to hold them personally liable for their corporations' tax liability.

Following court-ordered mediation, the VIBIR and the Lansdales executed a final settlement agreement ("FSA") in November 2002. Pursuant to the FSA, the VIBIR was entitled to a settlement amount of $6.5 million and the VIBIR agreed to "promptly request the Receiver to file a final accounting; request, with [the VIBIR's] full cooperation and support, that the Court discharge the Receiver; and authorize [the] Receiver to return full

---

[1]The complex factual and legal history of this case is well documented in previous rulings by the District Court. *See Gov't of the Virgin Islands v. Lansdale*, 172 F. Supp. 2d 636 (D.V.I. 2001); *Gov't of the Virgin Islands v. Lansdale*, Nos. 2001-157, 1992-0079, 2004 WL 1918753 (D.V.I. Aug. 23, 2004).

[2]La Isla Virgen merged into Marina Pacifica Oil Company in 1988 and Marina Pacifica merged into Lonesome Dove Petroleum Company in 1992.

control of Lonesome Dove to the Lansdales along with all corporate records (financial and otherwise) of Lonesome Dove." The Lansdales agreed to "immediately thereafter cause Lonesome Dove to use its best efforts to sell all non-liquid assets owned by Lonesome Dove," and "[a]ll proceeds from the asset liquidation" would then "be paid to [the VIBIR] and [would] not be credited toward" the $6.5 million. The FSA also included a dispute resolution provision, which stated that "[a]ny controversy, claim or dispute" which arose "out of or relate[d] to" the FSA, was to be resolved by arbitration. The District Court appointed Joanne Bozzuto as the successor Receiver and, following the appointment, the Receiver began the process of filing years of Lonesome Dove delinquent tax returns, drafting security agreements, and marshaling corporate oil and gas assets into the receivership.

As the receivership investigation progressed, the Lansdales sought arbitration pursuant to the FSA because they perceived that the VIBIR was not complying with the FSA's provision requiring the VIBIR to promptly request termination of the receivership. The Lansdales raised three issues to the arbitrator: (1) Whether the oil and gas royalties being collected by the Receiver were to be credited against the $6.5 million cash portion of the settlement; (2) whether the VIBIR violated the FSA by failing to move for the termination of the receivership; and (3) what Lonesome Dove's non-liquid assets were, to which the VIBIR was entitled to the proceeds of sale.

5

On May 10, 2006, the arbitrator entered an Interim Arbitration Decision and Award resolving the first and second issues raised by the Lansdales, finding that (1) the oil and gas royalties were to be considered liquid assets which were to be credited toward the $6.5 million settlement sum, and (2) the VIBIR was required to request the Receiver to file a final accounting and request the District Court to discharge the Receiver in order to return control of Lonesome Dove to the Lansdales.

B.

The Lansdales timely appeal three orders issued by the District Court following the arbitrator's Interim Award. First, on July 24, 2006, the Lansdales filed a motion in the District Court to confirm the arbitrator's Interim Award, and on August 3, 2006, the VIBIR filed a motion to vacate it. On May 30, 2007, the District Court denied both motions in a single order ("Arbitration Order"), explaining in a memorandum opinion that because the arbitrator decided only two of the three issues submitted for arbitration, the Interim Award was not a final award to be reviewed for confirmation or vacation.

Second, on August 31, 2006, the Receiver filed a motion petitioning the District Court to rule that the Court had exclusive jurisdiction over determining the rightful assets of Lonesome Dove. On May 14, 2007, the District Court denied the Receiver's motion ("Determination Order"). The District Court explained that "if any issue is nonarbitrable, the arbitrator lacks jurisdiction over it" and the District Court could vacate the award if the arbitrator exceeded his power, but concluded that "it was not the appropriate juncture

6

to" decide whether it had exclusive jurisdiction over "[t]he determination of what assets are the corporate properties of Lonesome Dove, how and when those assets are to be liquidated, and the distribution proceeds."

Third, on November 15, 2006, the Receiver filed a motion asking the District Court to order William Lansdale to return over $1.6 million to Lonesome Dove. On May 14, 2007, the District Court granted the Receiver's motion ("Turnover Order"), stating that the Receiver "submitted uncontradicted evidence that William M. Lansdale diverted revenues from oil and gas leases that are the undisputed assets of Lonesome Dove."

II.

We begin by addressing the appellees' assertion that we lack jurisdiction over these orders. We "exercise de novo review over an argument alleging a lack of appellate jurisdiction." *Reilly v. City of Atlantic City*, 532 F.3d 216, 223 (3d Cir. 2008). Under 28 U.S.C. § 1291, we have jurisdiction over "final decisions" of the District Court. *Ortiz v. Dodge*, 126 F.3d 545, 547 (3d Cir. 1997). To constitute an appealable final decision, § 1291 "most often requires that a district court issue a decision that completely ends the litigation," *In re Carco Electronics*, 536 F.3d 211, 213 (3d Cir. 2008), in order to further the interest of avoiding inefficient piecemeal appeals. *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007).

We agree with the appellees that none of the three orders constitute final decisions under § 1291 because this "matter remains open, unfinished [and] inconclusive." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *see also Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) (stating that a final decision "will fully resolve all claims presented to the district court" and "after the decision has been issued, there will be nothing further for the district court to do"). Specifically, the Arbitration Order refrains from confirming or vacating the Interim Award in anticipation of further arbitration proceedings, the Determination Order declines to rule that certain asset determinations belong solely to the District Court, and the Turnover Order does not conclusively resolve the ongoing asset determinations. *See Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir. 1993) (explaining that a final decision "disposes of the whole subject" and "gives all the relief that was contemplated") (internal quotation marks and citation omitted).

Nor do any of the three orders fall within the narrowly-construed collateral order doctrine. *See We, Inc. v. City of Philadelphia*, 174 F.3d 322, 324 (3d Cir. 1999) ("Under the 'collateral order' doctrine, . . . a decision of a district court may be appealable as a 'final decision' under 28 U.S.C. § 1291 if it (1) 'conclusively determine[s]' the disputed question; (2) 'resolve[s] an important issue completely separate' from the merits of the action; and (3) is 'effectively unreviewable' on appeal from a final judgment.") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (1978)).

8

The Lansdales argue alternatively that jurisdiction over the three orders exists independent of § 1291. First, the Lansdales assert that we have jurisdiction to review the District Court's Arbitration Order under section 16 of the Federal Arbitration Act ("FAA"). We disagree. The FAA provides, *inter alia*, that a party may appeal an order "confirming or denying confirmation of an award or partial award." 9 U.S.C. § 16(a)(1)(D). Here, the District Court declined to confirm or vacate the Interim Award on the ground that it was not final and therefore not ripe for confirmation or vacation. The District Court reasoned that if it were to confirm the Interim Award – which only resolved two of the three issues submitted to arbitration – and terminate the receivership upon the VIBIR's motion, the arbitrator might be hindered in resolving the third issue still pending in arbitration, involving the determination of the non-liquid assets belonging to Lonesome Dove. Because the District Court postponed determining the parties' dispute until all three interrelated issues are resolved in arbitration, the Arbitration Order is not appealable under § 16(a)(1)(D).[3] *See, e.g., Middleby Corp. v. Hussman Corp.*, 962 F.2d

---

[3] The Lansdales rest their jurisdictional argument on the plain language of § 16(a)(1)(D), but their interpretation of that statutory provision ignores the context provided by the rest of § 16. According to § 16(b), which designates certain orders regarding arbitration as interlocutory, "an appeal may not be taken from an . . . order . . . directing arbitration to proceed." 9 U.S.C. § 16(b)(2). That was the practical effect of the Arbitration Order here: it instructed the parties to complete arbitration before seeking review of the award. Because § 16 was intended "to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration," David D. Siegel, *Practice Commentary: Appeals from Arbitrability Determinations*, 9 U.S.C.A. § 16, at 352 (West Supp. 2008), permitting an appeal of the Arbitration Order would frustrate rather than further the section's purpose.

614, 616 (7th Cir. 1992) (finding that under § 16(a)(1)(D) a delay in confirmation "is a far cry from 'denying' confirmation" because "the court promises final judgment at the appropriate time").

Next, the Lansdales assert that we may review the District Court's Determination Order pursuant to 28 U.S.C. § 1292(a)(2) and 9 U.S.C. § 16(a)(1)(A) and (B). We reject both contentions. First, 28 U.S.C. § 1292(a)(2) provides appellate jurisdiction over "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." The Lansdales argue that by denying the Receiver's motion for the District Court to declare exclusive jurisdiction over the asset determination, the Court's Determination Order has the effect of refusing to wind up the receivership or to take steps to carry out that purpose. However, § 1292(a)(2) must be "interpreted narrowly" and "permit[s] appeals only from the three discrete categories of receivership orders specified in the statute, namely [1] orders appointing a receiver, [2] orders refusing to wind up a receivership, and [3] orders refusing to take steps to accomplish the purposes of winding up a receivership." *In re Pressman-Gutman Co.*, 459 F.3d 383, 393 (3d Cir. 2006) (internal quotation marks and citation omitted). The Determination Order falls into none of these three discrete categories and thus appellate jurisdiction does not exist under § 1292(a)(2).

Second, 9 U.S.C. § 16(a)(1)(A) and (B) permit an appeal from an order "refusing a stay of any action under section 3 of this title" or an order "denying a petition under section 4 of this title to order arbitration to proceed." The Determination Order clearly does not respond to a motion to stay or a motion to compel and thus does not fall under the explicit language of § 16(a)(1)(A) or (B). However, the Lansdales argue that by refusing to rule on the District Court's jurisdiction over certain asset determinations, the Determination Order has the same effect as an order denying a stay of district court litigation and an order denying arbitration because the Receiver's continuing role has, "in practical terms," restricted the arbitration proceedings. We disagree with this characterization. The Determination Order plainly rejected the Receiver's argument that the District Court should effectively remove certain asset determinations from arbitration by exercising exclusive jurisdiction, and therefore, contrary to the Lansdales' assertion, this ruling does not result in precluding arbitration of the issues committed to that forum. Accordingly, the Lansdales' argument that § 16(a)(1)(A) and (B) are implicated by the Determination Order fails.

Finally, the Lansdales argue that the District Court's Turnover Order is immediately appealable under 9 U.S.C. § 16(a)(1) because the Turnover Order, like the Determination Order, is equivalent to an order denying a motion to compel or refusing a stay. Again, we disagree with the Lansdales' characterization and find no alternative basis for exercising jurisdiction over the Turnover Order. *See*, *e.g.*, *F.T.C. v. Overseas*

11

*Unlimited Agency, Inc.*, 873 F.2d 1233, 1235 (9th Cir. 1989) (finding that an order directing funds to be turned over to a receiver is a non-final order and not appealable pursuant to 28 U.S.C. § 1292(a)); *United States v. Beasley*, 558 F.2d 1200, 1201 (5th Cir. 1977) (finding no jurisdiction over a turnover order requiring funds to be paid to a receiver); *United States v. Chelsea Towers, Inc.*, 404 F.2d 329, 330 (3d Cir. 1968) ("The order requiring the delivery of certain deposits to the receiver is neither final nor within any category of appealable interlocutory orders.").[4]

Therefore, we lack jurisdiction over the three orders that the Lansdales appeal because the orders are not final under 28 U.S.C. § 1291 and there are no alternative grounds for exercising jurisdiction at this time.

### III.

The Lansdales have also filed a petition for a writ of mandamus, asking that we direct the District Court "to stay or dismiss the pending litigation, discharge the receiver, and finally and completely submit the contested issues to arbitration."

Mandamus relief is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004)

---

[4]The Lansdales also assert that the doctrine of pendent appellate jurisdiction permits us to review these orders. Because there is no appellate jurisdiction over any of the three orders, we reject this argument. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 209 (3d Cir. 1990) ("[P]endent appellate jurisdiction over an otherwise unappealable order is available only to the extent necessary to ensure meaningful review of an appealable order.").

(internal quotation marks and citation omitted). We have explained that "mandamus is not a mere alternative to an appeal and instead properly is viewed as a safety valve in the final-judgment rule proving a drastic remedy . . . only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Pressman-Gutman Co.*, 459 F.3d at 398 (internal quotation marks and citation omitted). Thus, to qualify for mandamus relief, a petitioner must demonstrate "that there is (1) 'no other adequate means' to attain the relief sought, and (2) a right to the writ that is 'clear and indisputable[]' and, (3) even if these first two conditions are met, the reviewing court in its discretion must conclude that the writ 'is appropriate under the circumstances.'" *In re Briscoe*, 448 F.3d 201, 212 (3d Cir. 2006) (quoting *Cheney*, 542 U.S. at 380-81).

Upon careful review of the Lansdales' assertions, we find that the petitioners have failed to carry their burden of demonstrating entitlement to such extraordinary relief. The Lansdales have not established they lack alternative adequate means to obtain relief, given the availability of the arbitration process, and moreover, they have failed to demonstrate a clear and indisputable right to the relief they seek. We are unconvinced that issuing the writ is warranted under the circumstances of this case and, accordingly, we will deny the petition for a writ of mandamus. Nevertheless, we are mindful of the extraordinary length of time this matter has been pending and urge the District Court to actively facilitate and encourage a final resolution. A receivership process that becomes interminable is not appropriate.

IV.

For the foregoing reasons, we will dismiss the appeal for lack of jurisdiction and deny the petition for a writ of mandamus.