**ALD-019**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3515
_____

THOMAS I. GAGE,
                                        Appellant
v.

WELLS FARGO BANK, NA;
FRANK J. PROVENZANO, SOMERSET COUNTY SHERIFF;
HON. MARY C. JACOBSON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-00862)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 20, 2011
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges
Opinion filed: November 8, 2011
_____

OPINION
_____

PER CURIAM.

        In February, 2011, Thomas I. Gage filed a pro se complaint in the United

States District Court for the District of New Jersey against Wells Fargo Bank, N.A., and

Sheriff Frank J. Provenzano, seeking to challenge a foreclosure judgment entered in state

1

court and Wells Fargo's subsequent purchase of the foreclosed property. Gage claims that the foreclosure on his residential property was "criminal" and violated his federal rights.

On August 8, 2011, while his complaint was pending, Gage was evicted from the property pursuant to a writ of possession issued by the New Jersey Superior Court. Gage then filed an "emergency motion" in the District Court on August 11, 2011, arguing that any action taken with respect to the foreclosed property is unlawful because, among other things, defendants have no jurisdiction while his federal complaint remains pending given that Gage requested a stay in his complaint of further action by defendants.

By order entered September 9, 2011, the District Court denied Gage's emergency motion, and also granted Wells Fargo's motion to dismiss the claims against it as barred under the Rooker-Feldman doctrine and afforded Sheriff Provenzano time to respond to Gage's motion for default judgment. Gage appeals the September 9 order.

We will exercise jurisdiction under 28 U.S.C. § 1292(a)(1) to review the denial of Gage's emergency motion, as Gage sought, in essence, a preliminary injunction to prevent defendants from taking further action with regard to the foreclosed property.[1]

_____

[1] As mentioned, the September 9, 2011, order also granted Wells Fargo's motion to dismiss and afforded Sheriff Provenzano time to respond to the motion for default judgment. We lack jurisdiction at this time to review those portions of the District Court's order. Under 28 U.S.C. § 1291, we have jurisdiction to review "final decisions," which in general are decisions that "completely end[] the litigation and leave[] nothing for the court to do but execute its judgment." In re Carco Elecs., 536 F.3d 211, 213 (3d Cir. 2008). Although Gage's claims against Wells Fargo have been dismissed, as have the claims that he sought to add against the Honorable Mary C. Jacobson, the claims

2

"We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).

A preliminary injunction requires the plaintiff to show: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Minard Run Oil Co. v. United States Forest Serv., --- F.3d ---, 2011 U.S. App. LEXIS 19265, at *26 (3d Cir. Sept. 20, 2011). A preliminary injunction is "an extraordinary remedy," NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999), and the burden rests with the moving party to demonstrate entitlement to such relief. Id.

We conclude that the District Court properly denied Gage's injunction request. Gage has not shown that he is likely to succeed on the merits, and the District Court did not err in refusing to enjoin further action by defendants in light of its dismissal of Gage's claims against Wells Fargo under the Rooker-Feldman doctrine. See Lawrence v. Welch, 531 F.3d 364, 371 (6th Cir. 2008) (explaining that "claims seeking injunctive relief are barred by *Rooker-Feldman* if they necessarily require the federal court to determine that a state court judgment was erroneously entered"). Defendants here have acted pursuant to orders entered by the New Jersey courts. Our independent review of

against Sheriff Provenzano remain pending. Absent entry of a final decision as to all claims against all parties, our jurisdiction over the present appeal is limited to the denial of Gage's request for injunctive relief.

3

the complaint and Gage's other pleadings of record reveals no indication that his numerous, vaguely supported claims for relief are likely to result in a judgment on the merits in his favor. Nor has Gage satisfied the remaining factors for a preliminary injunction.

Gage argues that his pending complaint with its request for a "stay" deprives defendants and the New Jersey courts of authority to take action against the subject property. Docket # 17 at 3-4. However, absent an express order from the District Court enjoining the state court proceedings or action by defendants, there is no provision in the law for an automatic stay or injunction upon the mere filing of a federal civil rights suit. Gage also complains that the District Court erred by not acting sooner on the stay request embodied in his complaint, but Gage himself failed adequately to alert the District Court to his request for immediate relief by not filing a separate motion for a preliminary injunction at the time he filed the complaint. We discern no error in the District Court's disposition of Gage's request for injunctive relief.

Based on the foregoing, we will summarily affirm the September 9, 2011, order denying Gage's emergency motion. See 3d Cir. LAR 27.4. Gage's pending motion in this Court for a stay and immediate return of the foreclosed property is denied.

4