NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1745
_____

THOMAS I. GAGE,
                              Appellant
                    v.

WELLS FARGO BANK, NA AS;
FRANK J. PROVENZANO, SOMERSET COUNTY SHERIFF
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-00862)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2013
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed: March 28, 2013)
_____

OPINION
_____

PER CURIAM

Thomas I. Gage filed a pro se complaint in the United States District Court for the

District of New Jersey against Wells Fargo Bank, N.A. and Sheriff Frank J. Provenzano

challenging a foreclosure judgment entered in state court and Wells Fargo's subsequent

purchase of the foreclosed property. Gage claims that the foreclosure on his residential property violated his federal rights.

In brief, Gage defaulted on his mortgage, and Wells Fargo subsequently filed a foreclosure complaint in state court. Gage did not file a responsive pleading, and a final judgment of foreclosure was entered by the state court in April 2010. Shortly thereafter, the Somerset County Sheriff's Office advertised the sale of the property and posted a notice regarding it on the front door. The property was sold to Wells Fargo in July 2010. Gage refused to leave, and he and his family were ultimately evicted in August 2011.

In February 2011, Gage filed the aforementioned complaint in federal court challenging the foreclosure judgment and sale. Shortly after the eviction, Gage filed an "emergency motion" that essentially requested a preliminary injunction to prevent the defendants from taking further action with regard to the property. The District Court denied the motion on September 9, 2011, and we affirmed. Gage v. Wells Fargo Bank, N.A., 450 F. App'x 121, 123 (3d Cir. 2011). At the same time as it denied the emergency motion, the District Court granted Wells Fargo's motion to dismiss the claims against it as barred under the Rooker-Feldman doctrine. By order entered March 5, 2012, the District Court granted summary judgment to the remaining defendant, Sheriff Provenzano, and denied summary judgment to Gage. This appeal followed.

We exercise jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's orders dismissing the complaint as to Wells Fargo and granting summary

2

judgment to Sheriff Provenzano. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

Pursuant to the Rooker-Feldman doctrine, federal courts generally lack subject matter jurisdiction to engage in appellate review of state court determinations. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006). Four requirements must be met for the doctrine to apply: (1) the plaintiff lost in state court; (2) the plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the plaintiff invites the district court to review and reject the state court judgment. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). All four requirements are met with respect to Gage's claims against Wells Fargo. Gage cannot evade Rooker-Feldman by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions. The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests – to have the deed to the property restored to him – makes it abundantly clear that he seeks to overturn the foreclosure judgment. Accordingly, the claims against Wells Fargo were properly dismissed under the Rooker-Feldman doctrine.

3

Turning to the claims against Sheriff Provenzano, Gage claims that the Sheriff failed to protect Gage's constitutional rights, apparently by enforcing the foreclosure judgment and conducting the sale of the property. The District Court concluded that Sheriff Provenzano is entitled to qualified immunity. This doctrine "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The District Court correctly found that the sale of the property did not violate any clearly established rights because the Sheriff acted pursuant to a valid state court judgment. The District Court also properly refused to consider the arguments regarding damage to personal property as a result of the sale because Gage did not include those allegations in his complaint. Similarly, the District Court properly refused to consider the allegations that Sheriff Provenzano violated certain federal criminal statues because criminal prosecution is not within the scope of Gage's civil suit.[1]

For these reasons, we will affirm the judgment of the District Court.

---

[1] Gage asks us to take "judicial notice" of several documents. Although the material is inappropriate for such notice, we note that we have reviewed all submissions to this Court. Similarly, we have considered his allegations regarding the District Court Judge, but find them without merit. Implicit in our decision to affirm is the conclusion that the District Court did not act erroneously or improperly in the disposition of this matter.