**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3297
_____

THOMAS I. GAGE,
                                            Appellant

v.

WELLS FARGO BANK, N.A., AS; MR. LUKE
ANDERSEN; MRS. HELENA ANDERSEN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-12-cv-00777)
District Judge: Honorable Freda L. Wolfson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2013

Before:  RENDELL, FISHER and ALDISERT, Circuit Judges

(Opinion filed: January 16, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Thomas Gage appeals from an order of the District Court dismissing his

complaint.  For the reasons that follow, we will affirm.

        In 2008, Gage defaulted on his mortgage, and Wells Fargo, the assignee of the

mortgage, filed a foreclosure complaint in the Superior Court of New Jersey.  Gage failed

to file a responsive pleading or contest the matter in any way, and so a final judgment of

foreclosure was entered on April 13, 2010. A Sheriff's sale was held on July 6, 2010, and the property was sold to Wells Fargo. Gage refused to leave, and so he and his family were evicted. The property eventually was sold to Luke and Helena Andersen in October, 2011.

Prior to the sale of the property, Gage filed his first pro se federal complaint relating to the foreclosure in the United States District Court for the District of New Jersey. Gage sought to overturn the state judgment of foreclosure in this federal action by alleging that Wells Fargo never owned the mortgage and therefore had no right to foreclose upon it. Gage further alleged that Wells Fargo and Sheriff Frank Provenzano committed criminal and fraudulent acts throughout the foreclosure process. The District Court dismissed the complaint pursuant to the Rooker-Feldman doctrine, and Gage appealed.[1] We summarily affirmed the District Court, see Gage v. Wells Fargo Bank, N.A., AS, 521 Fed. Appx. 49 (3d Cir. 2013). We held that Rooker-Feldman applied because granting Gage's request for relief would have invalidated a state court judgment, and that Sheriff Provenzano was entitled to qualified immunity. See id. at 50-51.[2]

On February 9, 2012, Gage filed another civil action pro se in federal court, again suing Wells Fargo and adding the Andersens as defendants. Again, he alleged that the foreclosure and sale of his property had been procured through fraud and criminal conduct, and, in addition, he alleged that the Andersens had obstructed justice by failing

---

[1] Pursuant to Rooker - Feldman, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations. See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006).

[2] The doctrine of qualified immunity protects a government official from a claim for damages when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

2

to respond to a subpoena he issued in the first federal action. In connection with this lawsuit, on February 28, 2012, Gage filed a notice of lis pendens, N.J. Stat. Ann. § 2A:15-7(b), in the Somerset County Clerk's Office. The parties moved to dismiss the complaint, and the Andersens also moved to strike the lis pendens. On July 9, 2013, the District Court dismissed this second federal complaint, struck the lis pendens, and enjoined Gage from filing any similar lawsuits in the future. Among other things, the court held that its previous determination was res judicata as to the claims against Wells Fargo. Gage appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. We engage in plenary review of the District Court's dismissal of Gage's complaint. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which may be granted. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555. In Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), the Court explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 664.

Gage's allegations against Wells Fargo in Counts 1 through 4 are essentially identical to his allegations in his first federal civil action; they continue to be barred by the Rooker-Feldman doctrine, just as the District Court concluded. Cf. Elkadrawy v.

3

Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir. 2009) (with respect to res judicata, whether subsequent suits involve same claim does not depend on legal theory invoked, but rather on similarity of underlying events giving rise to claims). Nothing in Gage's second federal complaint required the District Court to revisit its original determination, one that we affirmed, that Rooker-Feldman applied because granting Gage's request for relief would have invalidated a lawful state court foreclosure judgment. Accordingly, dismissal of all claims against Wells Fargo was proper. Insofar as Gage contested the Andersens' right to possess the property, this claim also is barred by Rooker-Feldman, because the Andersens' purchase of the property from Wells Fargo stemmed from the lawful foreclosure action.

The claim that Sheriff Provenzano did not sell the property for the proper amount cannot be pursued in this action because he is not a named defendant, and, even if he were a named defendant, the claim would be barred by res judicata. See United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984) (res judicata bars subsequent action when prior decision was final judgment on merits, litigants or their privies are same, and subsequent suit is based on same cause of action); Brown v. Felsen, 442 U.S. 127, 131 (1979) (res judicata also prevents litigation of claims that were previously available even if not asserted).

In Count 5 of the second federal complaint, Gage alleged that the Andersens obstructed justice by refusing to comply with his subpoena in violation of 18 U.S.C. § 1505 and § 1510. The District Court properly dismissed this claim under Rule 12(b)(6) because these criminal statutes do not unambiguously confer a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84 (2002). Gage alleged that the

4

Andersons "hijacked" his personal property. This claim, as explained by the District Court, is facially insufficient, Fed. R. Civ. Pro. 8(a); Iqbal, 556 U.S. at 679 (only complaint that states plausible claim for relief survives motion to dismiss), and was properly dismissed.

In moving to dismiss the complaint, the Andersens also asked the District Court to enjoin Gage from using their address as his own, and to discharge the lis pendens. Pursuant to its equitable powers, the District Court enjoined Gage from using 51 Hillcrest Blvd., Warren, New Jersey, as his personal address for any reason as long as he is not the lawful owner of the property, and Gage has not persuaded us that the District Court erred in this respect. Concerning the lis pendens, the District Court determined that it no longer served any legitimate purpose in view of the second federal complaint's complete lack of merit, citing Manzo v. Shawmut Bank, N.A., 677 A.2d 224, 227 (N.J. Super. Ct., App. Div. 1996) (purpose of lis pendens is to preserve property which is subject matter of the lawsuit so that judicial relief can be granted if plaintiff prevails). The District Court determined that the lis pendens should be discharged in view of Gage's numerous, unsuccessful attempts to overturn the state court foreclosure judgment. We conclude that the discharge plainly was proper.

Last, the District Court found that Gage was engaging in vexatious litigation and enjoined him from filing any further lawsuits with respect to the state foreclosure judgment. The court found that his claims had been litigated multiple times in state and federal court, and that, during the pendency of the instant action, he had filed yet another federal civil action against Wells Fargo. Therefore, in order to promote judicial efficiency, and to prevent him from filing any more frivolous lawsuits against these same

5

parties or parties associated with the state court foreclosure judgment, the District Court issued a narrowly-tailored injunction barring Gage from filing any further federal civil actions, without leave of court, relating to the state foreclosure judgment that were not in compliance with Rule 11.

District courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints. See Chipps v. U.S. District Court for Middle District of Pa., 882 F.2d 72 (3d Cir. 1989). We agree with the District Court that this vexatious litigation on Gage's part is likely to continue absent some restriction on Gage, see id. at 73; see also In re: Oliver, 682 F.2d 443, 444 (3d Cir. 1982), but it does not appear that the District Court gave Gage notice and an opportunity to respond, which are required when injunctions of this type are issued. See, e.g., Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). In his Informal Brief Gage contends only that there was no valid assignment of the mortgage to Wells Fargo prior to the filing of the foreclosure complaint in which Wells Fargo claimed to be the holder of the mortgage. Although he seeks the recusal of the District Judge and claims bias, see Informal Brief, at 27, he does not contest the order enjoining him from filing any further actions in federal court concerning the foreclosure. When an issue is not pursued in the brief or even mentioned, the appellant has abandoned and waived that issue on appeal, absent extraordinary circumstances. We find none here. See Kost v. Kozakiewicz, 1 F.3d 176, 182-83 & n.3 (3d Cir. 1993); Simmons v. City of Philadelphia, 947 F.2d 1042, 1065-66 (3d Cir. 1991). Accordingly, we affirm the order enjoining Gage. We also reject as meritless Gage's argument that the District Judge is biased. The

allegation was based on the District Judge's determination to twice apply <u>Rooker</u>-<u>Feldman</u>, but a party's displeasure with the court's legal rulings does not form an adequate basis for recusal. <u>See</u> <u>Securacomm Consulting, Inc. v. Securacom, Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000).

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint. The Andersens' motion for the Court to take judicial notice of the District Court's and our opinion in a related action is granted.