**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1241
_____

THOMAS I. GAGE,

Appellant

v.

FRANK J. PROVENZANO, Somerset County Sheriff;
STATE JUDGE MARY C. JACOBSON;
ATTORNEY NICHOLAS J. CANOVA;
ATTORNEY GREGG P. TABAKIN; FEIN SUCH KAHN &
SHEPPARD P.C.; WELLS FARGO BANK, NA SA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-13-cv-02256)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2014

Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Opinion filed: July 3, 2014)

_____

OPINION
_____

PER CURIAM

Thomas I. Gage appeals from the order of the District Court dismissing his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We will affirm.

I.

At issue here is Gage's third federal complaint based on the foreclosure of and his eviction from real property located at 51 Hillcrest Boulevard in Warren, New Jersey. We affirmed the dismissal of Gage's previous two complaints. See Gage v. Wells Fargo Bank, N.A., AS, No. 13-3297, 2014 WL 169654 (3d Cir. Jan. 16, 2014); Gage v. Wells Fargo Bank, NA AS, 521 F. App'x 49 (3d Cir. 2013).

In the first of those complaints, Gage asserted multiple claims against Wells Fargo Bank, N.A. ("Wells Fargo") alleging that it fraudulently obtained the judgment of foreclosure and order of eviction in state court. Gage also named as a defendant Sheriff Frank J. Provenzano, whom he accused of wrongfully enforcing the state-court judgments. We affirmed the District Court's ruling that Gage's claims against Wells Fargo, which sought to undo the state-court foreclosure proceeding, are barred by the Rooker-Feldman doctrine. See Gage, 521 F. App'x at 50-51. We also affirmed the District Court's ruling that Provenzano was entitled to qualified immunity because he acted pursuant to a state-court judgment. See id. at 51.

In the second complaint, Gage asserted essentially identical claims against Wells Fargo, and we affirmed the District Court's ruling that those claims are barred by res judicata and remained barred by the Rooker-Feldman doctrine. See Gage, 2014 WL

2

169654, at *2. Gage did not name Provenzano as a defendant in that action, but he purported to raise claims against Provenzano and we explained that any such claims would be barred by res judicata as well. See id.

While Gage's second complaint was still pending before the District Court, he filed the complaint at issue here. He again named Wells Fargo and Provenzano as defendants and again accused them of essentially the same misconduct that he alleged in his prior suits. He also named as defendants (1) the Honorable Mary C. Jacobson, the state-court judge who apparently entered the judgment of foreclosure, and (2) lawyers and the law firm who represented Wells Fargo in the state-court foreclosure proceeding and in his prior federal suits. This time, Gage purported to bring his claims under various federal criminal statutes and the Racketeer Influences and Corrupt Organizations Act. All defendants but Provenzano moved to dismiss under Rule 12(b)(6). Gage did not oppose the motions, and the District Court granted them and dismissed Gage's complaint in its entirety. Gage appeals.[1]

_____

[1] We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of a complaint under Rule 12(b)(6). See Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009). In addition to dismissing Gage's complaint, the District Court denied as futile his motion to file an amended complaint. Gage sought in that motion to assert claims against another state-court judge and a Superior Court clerk. Gage did not require leave to amend at that stage, see Fed. R. Civ. P. 15(a)(1)(B), but he has not challenged the District Court's denial of leave to amend or otherwise raised his proposed claims on appeal and we thus will not address them. Moreover, we note that Gage later filed his claims against these two proposed defendants in a separate civil action at D.N.J. Civ. No. 3-13-cv-06985, which the District Court dismissed on May 6, 2014.

II.

The District Court properly dismissed Gage's complaint primarily for the reasons it adequately explained. Among other things, we agree that Gage's claims against Wells Fargo and Provenzano are barred by both res judicata and collateral estoppel because he either raised or could have raised all of his claims in his first federal complaint. See In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (applying New Jersey law).[2] Gage's claims against Wells Fargo's former counsel are barred by collateral estoppel as well. Gage previously claimed that Wells Fargo fraudulently obtained the judgments of foreclosure and eviction. Gage now claims that Wells Fargo's former counsel, as Wells Fargo's agents, fraudulently obtained those judgments on Wells Fargo's behalf. If Gage's claims against Wells Fargo are barred by the Rooker-Feldman doctrine, as we previously concluded, then his claims against Wells Fargo's former counsel must be as well.[3]

---

[2] Unlike the other defendants, Provenzano did not file a motion to dismiss and instead answered the complaint. The District Court's dismissal of the complaint as to Provenzano thus is properly characterized as sua sponte. Gage has not argued on appeal that the District Court erred in that regard, however, and any such error would be harmless because his claims against Provenzano are clearly barred for the reasons explained by the District Court.

[3] Collateral estoppel applies when:

  (1) the issue to be precluded [i.e., application of the Rooker-Feldman doctrine] is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted [i.e., Gage] was a party to or in

Finally, we agree with the District Court that Gage's claims against Judge Jacobson, whom he accuses of committing "treason" by overlooking the other parties' alleged fraud, are barred by judicial immunity. See Capogrosso, 588 F.3d at 184.

Gage does not directly address these points and instead devotes the majority of his briefs to arguing that Wells Fargo was not authorized to foreclose. Those were arguments to raise in state court. Gage's other arguments are waived because he did not raise them below, and they also lack merit. Gage argues that the District Court should have recommended a criminal investigation, but he cites no authority supporting that proposition and we are aware of none. Gage also argues that the District Court conducted a "bench trial" even though he demanded a trial by jury. The District Court did not conduct a trial and instead properly dismissed Gage's complaint under Rule 12(b)(6). Finally, Gage asserts that the District Judge should have recused herself, but he offers no actual argument in that regard and we perceive no basis for disqualification.

One final matter warrants discussion. When the District Court dismissed Gage's second complaint, it also enjoined him from filing further lawsuits related to the foreclosure of the property at issue without leave of court. Although the District Court did not provide notice and an opportunity to respond before issuing its injunction, we affirmed it because Gage did not contest it on appeal. See Gage, 2014 WL 169654, at *3.

---

privity with a party to the earlier proceeding.

Mullarkey, 536 F.3d at 226 (quoting Twp. of Middletown v. Simon, 937 A.2d 949, 954

5

In the order at issue here, the District Court once again enjoined Gage from filing similar lawsuits, but Gage, despite our prior discussion, once again has chosen not to contest it on appeal. We thus have no occasion to address the issue further.

For these reasons, we will affirm the judgment of the District Court.

---

(N.J. 2008)).