**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1168
_____

THOMAS I. GAGE,
                                        Appellant

v.

KEITH J. LYNCH, construction official;
BOROUGH OF NEW PROVIDENCE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-16236)
District Judge:  Honorable Madeline Cox Arleo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 16, 2023

Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 17, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas I. Gage appeals from the District Court's order dismissing his second amended complaint under Fed. R. Civ. P. 12(b)(6). We will affirm.

## I.

Gage, who owns a construction company, filed this suit pro se against the Borough of New Providence, New Jersey, and its Director of Planning and Development, Keith Lynch. According to Gage, he obtained a permit from Lynch to perform certain construction work for a third party but, after he started performing the work, Lynch issued a "stop work" order. Gage claims that the "stop work" order was unfounded and that Lynch issued it to injure Gage's business in retaliation for Gage's previous suits against others, including at D.N.J. Civ. No. 3-19-cv-09097.[1] Gage asserted 14 claims against Lynch and New Providence under federal and New Jersey law.

Both defendants filed a motion to dismiss Gage's complaint under Rule 12(b)(6), and the District Court granted it. The Court liberally construed Gage's complaint to raise substantive due process claims, and it dismissed them because he did not allege any "conscience-shocking" behavior. The Court also explained that Gage had not otherwise

---

[1] In that suit, Gage named as defendants Somerset County (which does not encompass New Providence), different individual defendants, and a different municipality. He asserted claims against those defendants that he had asserted in a previous suit. In affirming the dismissal of Gage's repetitive complaint, we noted that, "[f]or more than a decade, Gage has been filing lawsuits stemming from the foreclosure and sale of his former property." Gage v. Somerset County, No. 22-2696, 2023 WL 179847, at *1 (3d Cir. Jan. 13, 2023). We further noted that, as a result of Gage's litigation history, "multiple filing injunctions have been entered against him [by the District Court] in similar prior actions[.]" Id. The District Court did not apply the filing injunctions in this case, so we have no occasion to address it, but we note that Gage continues to argue that the foreclosure was wrongful and that courts erred in rejecting his previous claims.

alleged any plausible federal claim, and it declined to exercise supplemental jurisdiction over his remaining state-law claims, but it gave Gage leave to amend his complaint.

Gage then filed an amended complaint in which he alleged that Lynch, in addition to wrongfully issuing the "stop work" order, wrongfully issued the permit authorizing the work in the first place (though Gage himself had requested it). The District Court dismissed the amended complaint too but gave Gage leave to amend his again. Gage then filed a second amended complaint containing materially identical allegations. The Court dismissed that complaint largely for the same reasons but did so with prejudice because it concluded that further amendment would be futile. Gage appeals.[2]

II.

Gage does not acknowledge the District Court's reasons for dismissing his complaint, let alone raise anything calling them into question. Nor does he otherwise identify any factual allegations supporting any federal claim, and our review does not reveal any. To the contrary, we agree that Gage's allegations are too conclusory to state any federal claim, and we will affirm the dismissal of his second amended complaint largely for the reasons that the District Court explained.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). We accept all factual allegations in the complaint as true, and affirm the dismissal only if the well-pleaded facts, accepted as true, do not plausibly provide a basis for relief." Ricks v. Shover, 891 F.3d 468, 473 (3d Cir. 2018) (internal citation omitted). Although we construe pro se complaints liberally, see id., "pro se litigants still must allege sufficient facts in their complaints to support a claim," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Gage does raise some arguments, but they lack merit. Gage argues that the District Court and this Court erred in rejecting his prior claims, but those arguments do not state grounds for relief. Relatedly, as in prior appeals, "Gage argues that the District Court should have recommended a criminal investigation, but he cites no authority supporting that proposition and we are aware of none." Gage v. Provenzano, 571 F. App'x 111, 113 (3d Cir. 2014). Gage also argues that the District Court erred in dismissing his complaint after the parties already had engaged in discovery and that a third party did not adequately respond to his discovery requests. These issues have no bearing on the Rule 12(b)(6) dismissal, see Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 225 n.11 (3d Cir. 2015), and Gage does not show any prejudice. Finally, Gage argues that he has new evidence supporting his claims. Gage does not argue that the District Court abused its discretion in declining to allow him to amend his complaint again with that evidence (and we cannot say that it did). Instead, Gage argues that his new evidence shows grounds for relief under Fed. R. Civ. P. 59(e). But Gage did not file a Rule 59(e) motion, and his time to do so has expired. See Fed. R. Civ. P. 59(e). Gage's allegations regarding his new evidence do not suggest any basis for relief in any event.

III.

For these reasons, we will affirm the judgment of the District Court.