**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2320
_____

THOMAS I. GAGE,
                              Appellant

v.

WELLS FARGO BANK, NA AS;
FRANK J. PROVENZANO, Somerset County Sheriff

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:11-cv-00862)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 1, 2023

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: November 2, 2023)

_____

PER CURIAM

Pro se Appellant Thomas Gage appeals from the District Court's order denying his motion to set aside the District Court's prior judgment on the basis of fraud on the court. For the reasons that follow, we will affirm the District Court's judgment.[1]

**I.**

In 2011, Gage filed a pro se civil action in federal court challenging the foreclosure and subsequent sale of a residential property. In brief, after Gage defaulted on his mortgage, Wells Fargo filed a foreclosure complaint in state court. A final judgment of foreclosure was entered by the state court in April 2010, and the property was sold pursuant to a Sheriff's sale in July 2010. In August 2011, after refusing to vacate the property, Gage and his family were evicted pursuant to a writ of possession.

The District Court dismissed the complaint as to Wells Fargo, concluding that Gage's claims were barred by the Rooker-Feldman doctrine.[2] The District Court granted summary judgment in favor of Sheriff Frank Provenzano, finding that he was entitled to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] This appeal was considered on Appellant's brief. In light of our disposition, Appellee Frank Provenzano's motion for an extension of time in which to file a responsive brief is DENIED as unnecessary.

[2] See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983). Pursuant to this doctrine, federal district courts lack subject matter jurisdiction to engage in appellate review of state court determinations. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

qualified immunity on Gage's remaining claims relating to the enforcement of the fore-closure judgment and subsequent sale of the property. We affirmed the District Court's judgment. See Gage v. Wells Fargo Bank, NA AS, 521 F. App'x 49 (3d Cir. 2013) (per curiam). Since that time, Gage has filed multiple lawsuits stemming from the foreclosure and sale of his former property.

In January 2023, pursuant to Federal Rule of Civil Procedure 60(d)(3), Gage filed a motion to vacate the District Court's judgment on the grounds of fraud on the court. In support thereof, Gage asserted that the attorneys for Wells Fargo and Provenzano, as well as Sheriff's Sales Coordinator Thomas Pizybyiski, defrauded the District Court by fabri-cating and filing "bogus" and "forged" documents, including a sheriff's deed and writ of execution, "to justif[y] their crime and to misle[a]d the court." D.Ct. ECF No. 50 at 6. Gage asserted that the District Court's orders are therefore null and void, as they were "based on an alleged state judiciary proceeding that never took place in the state court as proved by the fabricated evidence[]." Id. at 5.

In support of his allegations of fraud and forgery, Gage asserted that the writ of execution, see D.Ct. ECF No. 50-2 at 14, was never signed by the state court judge. As to the sheriff's deed, Gage stated that two such deeds existed when there should only be one, and that a comparison of the signatures on the deeds with other known signatures of the signatories proved that the deeds were fraudulent. The District Court denied the mo-tion, finding Gage's largely conclusory allegations to be insufficient to establish fraud on the court. See D.Ct. ECF No. 52. Gage appeals.

**II.**

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of any legal questions, and we review the District Court's decision to deny relief for abuse of discretion. Cf. In re Bressman, 874 F.3d 142, 148 (3d Cir. 2017) (on appeal from the district court of a bankruptcy court decision on a motion to reopen and vacate based on allegations of fraud on the court). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In accordance with Federal Rule of Civil Procedure 60(d)(3), a district court "may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct,'" such as bribery or fabrication of evidence. In re Bressman, 874 F.3d at 150 (quoting Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005)). Such a finding "must be supported by clear, unequivocal and convincing evidence" of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring, 424 F.3d at 386–87 (citation omitted).

In support of his appeal, Gage reiterates the arguments made before the District Court, including his contentions that the judicial foreclosure proceedings and writs of execution and possession were fabricated. We agree with the District Court that Gage has not met the "demanding standard" required for the relief he seeks. Id. at 390. Gage's assertion that a collection of signatures from various individuals appear to him to be noticeably different between documents is simply insufficient to constitute clear and convincing evidence of a forgery, much less that the alleged forgeries were specifically directed at the District Court itself or were undertaken by the defendants or their attorneys with

4

the intent to deceive the District Court.

Nor is the lack of signature by the state court judge on the writ of execution, or the presence of an electronic or stamped signature on other documents, evidence of forgery or fraud. The challenged writs of execution and possession contain the seal of the court and were issued by the court clerk's office. See D.Ct. ECF No. 50-2 at 14, 19-23. Further, Gage's assertion that there were two sheriff's deeds is not supported by the record. As noted by the District Court, the alleged second deed was merely a duplicate of the original that was submitted to prove it was filed with the clerk's office. To the extent that two writs of possession were issued, Gage has not shown that this is evidence of fraud. Finally, Gage also has not shown that the underlying state court foreclosure proceedings never took place.

Accordingly, we will affirm.