**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3319
_____

SOVEREIGN BANK

v.

REMI CAPITAL, INC.; ERIK A. KAISER, individually

*Jenzack Partners, LLC, as assignee for Sovereign Bank,

Appellant

*(Pursuant to Fed. R. App. P. 12(a))
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-01580)
District Court Judge: Honorable Peter G. Sheridan
_____

Argued on March 10, 2020
_____

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: April 23, 2020)
_____

Alissa L. Poynor [Argued]
Barry G. Braunstein
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114

*Counsel for Appellant*

Joseph B. Fiorenzo
Mark S. Olinsky [Argued]
David W. Phillips
Sillis Cummis & Gross P.C.
One Riverfront Plaza
1037 Raymond Boulevard, 13th Floor
Newark, New Jersey 07102

       *Counsel for Appellee*

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

       Appellant Jenzack Partners, LLC appeals the District Court's order applying the federal statutory interest rate to a consent judgment resolving a contractual dispute. Jenzack urges us to reverse the District Court and hold that the underlying contracts provide the applicable post-judgment interest rate. Because the District Court's order was not final under 28 U.S.C. § 1291, we will dismiss Jenzack's appeal for lack of jurisdiction.

## I.

       On January 25, 2007, Appellees REMI Capital, Inc., and Erik A. Kaiser, REMI's president, entered into certain financing agreements with Sovereign Bank to obtain a $15 million line of credit, including a guarantee and promissory note providing a prime

---

      [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

interest rate[1] plus six percent on the loan amount before and after entry of a judgment.

REMI became insolvent and was unable to pay the required amounts under the loan agreements. Sovereign Bank then sent REMI a default notice and demanded payment of the entire balance, including unpaid interest. Because REMI did not make any payments following the default notice, Sovereign Bank filed a complaint against REMI and Kaiser on April 3, 2009. One year later, Sovereign Bank filed a motion for summary judgment.

While the motion was pending, the parties came to an agreement, which the District Court entered as a consent judgment on September 1, 2010. The consent judgment holds REMI and Kaiser jointly and severally liable for $1,560,430.24. Sovereign Bank assigned its right, title, and interest in the consent judgment to Jenzack on July 16, 2012. Following a dispute on the remaining balance, Kaiser filed a motion to declare the consent judgment satisfied pursuant to Federal Rule of Civil Procedure 60(b)(5). On September 24, 2018, the District Court denied Kaiser's motion without prejudice[2] and set the post-judgment interest rate at the federal rate of 0.26%, as determined by 28 U.S.C. § 1961(a). Jenzack filed a notice of appeal on October 17, 2018.

---

[1] The agreements define the prime rate as "the rate of interest designated by the Bank from time to time . . . [which] may not be the lowest rate of interest from time to time charged by the Bank to its customers." App. 39.

[2] Although the District Court was not explicit, we will construe the order as denying Kaiser's motion without prejudice. The District Court stated that it was denying the motion "at this time . . . until the remaining discovery issues are resolved." App. 10.

## II.

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. This Court has "jurisdiction of appeals from all *final decisions* of the district courts." § 1291 (emphasis added). We have plenary authority to consider our own jurisdiction. *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 269 (3d Cir. 2013).

## III.

Jenzack appeals the District Court's conclusion that § 1961, rather than the underlying contracts, provides the applicable post-judgment interest rate. We can only reach that issue if the District Court's order is final under § 1291, so we begin with that threshold question.

## A.

This Court dismisses cases for lack of jurisdiction when "[t]he District Court's order is not final under § 1291." *Gillette v. Prosper*, 858 F.3d 833, 841 (3d Cir. 2017); *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) ("The effect of [§ 1291] is to disallow appeal from any decision which is tentative, informal or incomplete."). We focus on an order's practical effect when considering finality. *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 123–24 (3d Cir. 2004). Central to our analysis is whether the "decision will fully resolve all claims presented to the district court" and whether "there will be nothing further for the district court to do" once the "decision has been issued." *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 557 (3d Cir. 1997). These considerations are meant to avoid piecemeal litigation. *Adapt of Phila. v. Phila. Hous. Auth.*, 433 F.3d 353, 364 (3d Cir. 2006).

4

Relying on *Torres v. Chater*, 125 F.3d 166 (3d Cir. 1997), Jenzack points out that orders denying Rule 60(b) motions are generally final and appealable. However, orders denying Rule 60(b) motions that are interlocutory are typically not appealable under § 1291. *Penn W. Assocs.*, 371 F.3d at 123 ("[I]f the denial of the Rule 60(b) motion is itself interlocutory, we normally do not have appellate jurisdiction to review that denial."). Orders entered without prejudice are generally interlocutory. *See Lui v. Comm'n on Adult Entm't Establishments*, 369 F.3d 319, 324 (3d Cir. 2004). But we may review an interlocutory order denying a Rule 60(b) motion that "has the effect of wrap[ping] up all the matters pending on the docket." *See Penn. W. Assocs.*, 371 F.3d at 123–24 (internal quotation marks omitted).

The District Court's order is interlocutory because it allowed further discovery and delayed final disposition on the remaining amount to satisfy the consent judgment. *See In re Carco Elecs.*, 536 F.3d 211, 213 (3d Cir. 2008) ("It is axiomatic that discovery orders are not final orders . . . for purposes of obtaining appellate jurisdiction under [§ 1291]." (internal quotation marks omitted)). Based on the available information, the District Court concluded that it "cannot determine the amount remaining" and denied the motion "*at this time* . . . until the remaining discovery issues are resolved." App. 10 (emphasis added). As a result, the District Court ordered that REMI and Kaiser "*may serve [d]iscovery* on Plaintiff Sovereign Bank to determine the status of" any amounts owed under the consent judgment. *Id.* (emphasis added).

Jenzack cites *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986), in support of the proposition that an order dismissing a post-judgment motion without

5

prejudice, while discovery was pending, can nonetheless be final.[3] We are not convinced

that *Ohntrup* is dispositive because it involved a post-judgment order denying a motion to

withdraw that "completely settled the question of [counsel's] withdrawal" and had

nothing to do with the pending discovery proceedings. *See id.* at 677–78. Here, the

District Court permitted discovery proceedings because it was unable to determine the

heart of the matter, the amount owed on the consent judgment. Discovery was integral to

resolve the main issue that remained.

To bolster its claims regarding finality, Jenzack next argues that the District

Court's order is dispositive on the applicable post-judgment interest rate. Unlike the

order in *Ohntrup*, this order resolves an issue that is bound up with outstanding discovery

proceedings. The District Court cannot calculate the amount remaining on the consent

judgment without settling past payments and the total interest owed. These are key

variables in an unfinished calculation that demand further discovery. We cannot

conclude that the District Court issued a final order that "dispose[d] of the whole

subject." *Isidor Paiewonsky Assocs. v. Sharp Props., Inc.*, 998 F.2d 145, 150 (3d Cir.

---

[3] Jenzack also references a Tenth Circuit decision holding that the "post-trial discovery order" at issue "became final and non-interlocutory at the very latest when [the plaintiff] was sanctioned for not complying." *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227–28 (10th Cir. 2001) (expressing the concern that "a post-trial discovery order would never be appealable until a party complies"). We are not convinced that *Rodriguez* is applicable to this case. As far as we are aware, there have not been any sanctions for lack of compliance with discovery requests. Furthermore, it is our expectation that Kaiser will renew his Rule 60(b)(5) motion once discovery is complete. In fact, he averred to this Court that he intended to renew his motion after receiving discovery from Santander Bank (Sovereign Bank's successor-in-interest). He was unable to do so because Jenzack's appeal divested the District Court of jurisdiction over the proceedings.

1993); *see also Aluminum*, 124 F.3d at 557 (noting that a final decision "will fully resolve all claims presented to the district court"). Indeed, rather than fully resolving Kaiser's claims, the District Court merely deferred a final ruling on his motion.

We do not have jurisdiction to consider Jenzack's appeal because the District Court's order is not final. Jenzack did not file a Rule 59(e) motion to alter or amend the District Court's interest rate determination or a Rule 69 motion to execute the consent judgment once Kaiser declined to pay beyond the federal interest rate. Instead, it appeals the denial of a Rule 60(b)(5) motion that was entered without prejudice and explicitly called for additional discovery. That order still leaves much for the District Court to resolve. The outstanding issues related to discovery, the remaining amount, and total interest owed on the consent judgement precluded the District Court from making a definitive determination on Kaiser's Rule 60(b)(5) motion. Since the order is not final, we are left without jurisdiction to hear this appeal.

**B.**

While we do not have jurisdiction to consider the District Court's application of § 1961 as the post-judgment interest rate, it is imperative that Jenzack not be denied meaningful appellate review. We urge the parties to act expeditiously on any outstanding discovery. Because the District Court denied Kaiser's Rule 60(b)(5) motion without prejudice, Kaiser is free to renew his motion once discovery is complete. Once Jenzack collects payment up to the consent judgment amount plus the federal interest rate, Kaiser will presumably move to declare the consent judgment satisfied, which would subsequently result in a final and appealable order under § 1291.

7

## IV.

For the foregoing reasons, we will dismiss Jenzack's appeal for lack of jurisdiction.