**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1407
_____


In re: Application of Amgen Inc. for Assistance Before a
Foreign Tribunal

CELLTRION USA, INC.,
                                        Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:24-cv-09052)
District Judge: Honorable Christine P. O'Hearn
_____

Submitted for Possible Dismissal on April 25, 2025

Before: KRAUSE, MATEY, and SCIRICA, *Circuit Judges*

(Opinion filed: June 5, 2025)


Jonathan Y. Ellis
Corinne S. Hockman

McGuireWoods LLP
501 Fayetteville Street
Suite 500
Raleigh, NC 27601

Grace Anne J. Simmons
McGuireWoods LLP
888 16th Street NW
Black Lives Matter Plaza, Suite 500
Washington, DC 20006

       *Counsel for Appellant*

Joshua J. Fougere
Jillian S. Stonecipher
Madeleine V. Joseph
Sidley Austin LLP
1501 K Street NW
Washington, DC 20005

Steven J. Horowitz
Sidley Austin LLP
One S Dearborn Street
Chicago, IL 60603

Siegmund Y. Gutman
Chelsea Ostrer
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
2049 Century Park E
Suite 300
Los Angeles, CA 90067

       *Counsel for Appellee*

—————————

OPINION OF THE COURT
—————————

PER CURIAM

Federal courts are often called on by parties to foreign litigation to facilitate discovery in the United States in aid of a foreign proceeding. And federal law licenses these efforts by authorizing district courts to order a person "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). We consider here whether an order entered under § 1782 is "final," such that it may be appealed under 28 U.S.C. § 1291, when a district court has determined that discovery is appropriate under § 1782 but has not yet conclusively defined the scope of that discovery. Because we conclude such an order is not final, and, thus, we lack appellate jurisdiction to review it, we will dismiss this appeal.

## I.    **Background**

Appellee Amgen Inc. is a biotechnology company that holds patents in both the United States and South Korea for drug products containing, and manufacturing processes involved in the production of, denosumab, the active ingredient in biologic medications for certain bone cancers and tumors. Amgen and an affiliate filed patent infringement suits in both countries against Celltrion Inc. (Celltrion Korea), a South Korean biotechnology company. Amgen seeks information it believes is material to these suits from Celltrion Korea's

3

subsidiary, Celltrion USA, which is headquartered in New Jersey.[1]

After initiating its action in South Korea, Amgen filed an application pursuant to 28 U.S.C. § 1782 in the United States District Court for the District of New Jersey to subpoena Celltrion USA for eighty-two categories of documents and testimony involving Celltrion Korea's denosumab products. Section 1782 permits district courts to order discovery "for use in a proceeding in a foreign or international tribunal," provided that the applicant shows the target of the discovery "resides or is found" in the relevant district. 28 U.S.C. § 1782(a). The application was initially assigned to a magistrate judge and was opposed by Celltrion USA, which contended that, as a threshold matter, § 1782 cannot be used to compel it to produce information that resides outside the District of New Jersey with its foreign parent company. It also objected on the basis that the information sought is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004).

On December 20, 2024, the Magistrate Judge granted Amgen's § 1782 application. *Amgen, Inc. v. Celltrion USA, Inc.*, No. 24-9052, 2024 WL 5182022, at *10 (D.N.J. Dec. 20, 2024). The Judge rejected Celltrion USA's threshold argument and also held that the request was not unduly burdensome, reasoning that "[t]o the extent the subpoena may encompass

---

[1] Specifically, Celltrion Korea developed a biosimilar of the denosumab drugs Amgen manufactures and for which it has American and South Korean patents. Before the infringement litigation, Celltrion Korea intended to market the biosimilar in the United States in October 2024.

4

materials ultimately not relevant to the claims or defenses[,] . . . such overbreadth is not a reason to deny a § 1782 application outright." *Id.* at *9. Accordingly, the Judge granted the application but ordered the parties to "assuage[]" Celltrion USA's concerns by "meet[ing] and confer[ring] and enter[ing] into a confidentiality agreement that will govern the documents produced under the subpoena." *Id.* at *10. It left the scope of permissible discovery to be determined at a later date. *Id.*

Celltrion USA then appealed to the District Court, which affirmed the Magistrate Judge's order and opinion. This timely appeal followed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1331. We putatively have jurisdiction under 28 U.S.C. § 1291, and we always have jurisdiction to determine our own jurisdiction. *See George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 234 (3d Cir. 2024).

## III.    Discussion

Section 1291 vests us with jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Usually, discovery orders are not immediately appealable because they are not "final" under § 1291. *See, e.g.*, *In re Carco Elecs.*, 536 F.3d 211, 213 (3d Cir. 2008); *In re Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir. 1997), *abrogated in part on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). But orders under § 1782 are different. In § 1782 proceedings, "discovery is

5

everything," *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 972 (5th Cir. 2020), because "[o]nly the discovery dispute . . . is occurring in the United States," *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 189 n.1 (3d Cir. 1999). So once the district court conclusively resolves that dispute, "there is no further case or controversy before the district court." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 566 (9th Cir. 2011). And for that reason, we have held that an order granting or denying discovery under § 1782 is "final," making it immediately appealable under § 1291. *See Bayer AG*, 173 F.3d at 189.

We have not addressed, however, at what point in the district court proceedings such an order becomes final, and that is the question before us today. Celltrion USA contends it is "final" and appealable "even if ancillary work remains to be done in the district court," such as defining the scope of permissible discovery, Resp. to Mot. to Dismiss 10, while Amgen argues such open questions portend a non-final order that cannot be reviewed on appeal. Amgen has the better of the arguments.

Under ordinary finality principles, § 1782 orders permitting discovery but declining to define the scope of that discovery are not final. We have held that an order becomes "final" for purposes of § 1291 when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Weber v. McGrogan*, 939 F.3d 232, 236 (3d Cir. 2019) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). On the other hand, where a "matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

In this case, the District Court's order leaves much to be determined. It ordered the parties to meet and confer in order to agree to a suitable confidentiality order, and it required Celltrion USA "comply with the issued subpoena, subject to any specific objections raised during the meet-and-confer process as outlined in the Magistrate Judge's Order." App. 30. These ongoing proceedings fall far short of a conclusive determination as to Celltrion USA's obligations under the § 1782 order. We therefore hold that an order granting discovery under § 1782, but declining to determine the scope of permissible discovery, is not a final order under § 1291.

Our holding today serves the policies that § 1291 embodies and "reflects a healthy respect for the virtues of the final-judgment rule." *Mohawk Indus.*, 558 U.S. at 106. Our system of appellate review generally tolerates only "a single appeal" for "the whole case and every matter in controversy in it decided." *McLish v. Roff*, 141 U.S. 661, 665–66 (1891). This rule promotes the appropriate deference owed to district courts in the administration of trial proceedings and avoids costly and inefficient piecemeal appeals that expend both the parties' and the courts' limited resources. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Permitting interlocutory appeals of § 1782 orders with indeterminate scopes undermines these important considerations and invites "additional appeals raising further questions about the scope of [a party's] discovery obligations"—the very result the final-judgment rule aims to avoid. *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 119 F.4th 1126, 1133 (9th Cir. 2024).

Apart from these general objectives of § 1291, it would be particularly inefficient to permit appeals from § 1782 orders where the scope of permissible discovery is uncertain. That is

7

because such appeals require us to evaluate whether the district court abused its discretion in ordering discovery under the four non-exhaustive factors set out in the Supreme Court's decision in *Intel Corp.*, 542 U.S. at 264–64. But we cannot consider those factors "in a vacuum," *CPC Pat. Techs.*, 119 F.4th at 1134, and without a definite scope of discovery, it is impossible to discern whether the district court soundly exercised its discretion in granting discovery. So far from mere "ancillary work," Resp. to Mot. to Dismiss 9, setting the scope of permissible discovery is a prerequisite to our review, and a § 1782 order is not final without it.

In reaching this result, we join the two circuits that have addressed this issue—the Ninth and the Fifth. *See CPC Pat. Techs.*, 119 F.4th at 1133, 1135 (dismissing appeal because the scope of discovery remained undefined where "[t]here is no meeting of the minds between the parties as to what documents must be turned over or any court order to that effect"); *Banca Pueyo*, 978 F.3d at 974 (dismissing appeal where the scope of § 1782 discovery remained unresolved after a motion to quash). Those courts, faced with nearly identical circumstances as here, held that "[t]he lack of a conclusive determination as to the scope of [a party's] discovery obligations" renders any § 1782 order nonfinal and unappealable under § 1291. *CPC Pat. Techs.*, 119 F.4th at 1133; *see also Banca Pueyo*, 978 F.3d at 974. Like those sister circuits, we too "resist[] efforts to stretch § 1291 to permit appeals of right that would erode the finality principle and disserve its objectives." *Microsoft Corp. v. Baker*, 582 U.S.

8

23, 37 (2017). So we now follow their lead and conclude Celltrion USA's appeal is premature for the same reasons.[2]

In sum, Celltrion USA has appealed a nonfinal order, so we "have no choice but to dismiss the case for lack of jurisdiction." *In re ESML Holdings, Inc.*, 135 F.4th 80, 90 (3d Cir. 2025).

IV.    **Conclusion**

For the foregoing reasons, we will dismiss this appeal.

---

[2] Celltrion USA's reliance on *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550 (7th Cir. 2018), is misplaced. There, the applicant moved to modify a stipulated protective order years after its § 1782 request was granted in an effort to enforce a later-in-time injunction granted in the foreign proceeding. *Id.* at 555–59. The district court denied the motion, and the applicant appealed that denial. *Id.* at 559. As the Fifth Circuit observed, *Heraeus* "actually supports the idea that appeals are proper after a court 'conclusively denie[s]' relief," *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 972 n.2 (5th Cir. 2020) (quoting *Heraeus*, 881 F.3d at 563), because there the Seventh Circuit confronted a situation where "the district court conclusively denied the relief sought," *Heraeus*, 881 F.3d at 563. In this case, the District Court determined Amgen is entitled to discovery, but the extent to which Celltrion USA must comply with Amgen's requests remains uncertain. So far from conclusively resolving the dispute, the District Court must still determine "to what extent[] discovery might be required." *Banca Pueyo*, 978 F.3d at 973.

9